■ In the Matter of THEODORE HUFFMAN, Respondent, v LAKE CITY CONTRACTING CORP. et al., Appellants, and STATE INSURANCE FUND, Respondent. WORKERS' COMPENSATION BOARD, Respondent.—Motion by respondent Workers' Compensation Board to dismiss appeals on the ground the board's decision is interlocutory and therefore not appealable. A claim for compensation benefits was filed by claimant Huffman against the employer Lake City Contracting Corporation. On March 27, 1979, the referee found that claimant had sustained a 66⅔% schedule loss of the use of his left arm and further found that on the date of the accident, the employer had maintained dual compensation coverage with respondent State Insurance Fund and appellant United States Fidelity and Guarantee Company (USF&G). Both carriers applied to the board for review, each contending that it had not provided compensation coverage to the employer on the date of the accident and that the award for the schedule loss was excessive. By decision filed December 12, 1979, the board affirmed the 66 ⅔% schedule award, but held as follows with regard to the issue of coverage: "the panel further finds that on January 6, 1978 the State Insurance Fund did not have coverage for the

employer; further that the record needs further development on the issue of coverage by United States Guarantee and Fidelity Co." The case was ordered restored to the Referee's Calendar with a direction to decide the matter "upon the completed record." Both the employer and USF&G filed notices of appeal to this court and it is these appeals which the board now moves to dismiss. Motion granted, without costs, and appeals dismissed. In view of the remand of the case for further hearings on the issue of coverage, the board's decision is clearly nonfinal and therefore not appealable (see e.g., *Matter of Harris v Carborundum Co.,* 72 AD2d 869). We would also note that by letter dated January 2, 1980, counsel for USF&G advised the board that the notices of appeal were being filed not for the purpose of prosecuting the appeals forthwith but to protect appellants' right to have the issue of the State Insurance Fund's liability reviewed upon an appeal from the board's final determination. We take this opportunity to observe that protective notices of appeal need not be filed in such cases since the board's nonfinal decision may be reviewed upon the appeal from the final determination *(Matter of Harris v Carborundum Co., supra).* Mahoney, P. J., Greenblott, Sweeney, Staley, Jr., and Main, JJ., concur.