◼ In the Matter of the Claim of JOHN TAYLOR, Respondent, v M. GOLD AND SON, INC., et al., Appellants, and SPECIAL FUNDS CONSERVATION COMMITTEE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. — Appeal from a decision of the Workers' Compensation Board, filed November 4, 1983.

By decision dated March 24, 1982, the Board restored the two claims herein to the Trial Calendar for further development of the record regarding the liability of respondent Unigard Insurance Company and for the testimony of the physicians. Thereafter, the Board rendered several decisions directing Unigard to make interim payments to claimant pending full development of the record. Unigard filed notices of appeal with respect to two of these decisions. The appeal from one of these decisions has already been dismissed by this court on the ground that the Board decision sought to be appealed was interlocutory and thus nonappealable. The appeal from the remaining Board decision must likewise be dismissed.

It is clear from the Board's decision that substantial issues remain to be decided and, therefore, the decision appealed from is a nonappealable interlocutory decision (see Workers' Compensation Law, § 23; *Matter of Roller v Lehigh Portland Cement Co.*, 89 AD2d 1040). Appeals from Board decisions which neither decide all substantive issues nor involve a threshold legal issue are not permitted (see *Matter of Donovan v Knickerbocker Warehousing Corp.*, 72 AD2d 870). There is no merit in Unigard's claim that there exists a threshold legal issue concerning the Board's jurisdiction to reopen the claims and rescind its prior decisions (see Workers' Compensation Law, § 123; *Matter of Spaminato v Bay Transp. Corp.*, 32 AD2d 345, 346-347).

Appeal dismissed, with one bill of costs to respondents filing briefs against the employer and its insurance carrier. Mahoney, P. J., Casey, Weiss, Levine and Harvey, JJ., concur.