■ In the Matter of the Claim of JOHN WALKER, Respondent, v FRED H. LOW & SON, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Levine, J. Appeal from an amended decision of the Workers' Compensation Board, filed May 31, 1988, which ruled that claimant had a continuing causally related permanent partial disability and awarded workers' compensation benefits payable without prejudice to apportionment.

Claimant, while working for the employer herein, suffered low back injuries in 1974 and 1976. No workers' compensation claims were filed until after the 1976 injury, at which time both injuries were asserted to be compensable. Compensation awards for medical expenses and reduced earnings were made with respect to the 1976 injury. In November 1978, the case involving the 1974 injury was closed "without prejudice" before any hearings were held. In 1979, claimant resigned from the employer and from then until 1982 worked out of a union hiring hall. He was laid off in 1983, which he attributed to frequent absences necessitated by his back condition.

In August 1982, after a hiatus in receiving benefits, claimant consulted his regular physician, Dr. Kenneth Clark, regarding his continued back discomfort. Upon neurosurgical referrals, conflicting opinions were rendered: one attributed his discomfort mainly to unrelated arthritic changes to his back and hip while the other, from Dr. George Cohn, linked his condition to aggravations of his otherwise asymptomatic lumbar spinal arthritis by the 1974 and 1976 injuries and predicted that claimant would be permanently disabled from any work which was not supervisory and sedentary in nature. The employer's workers' compensation insurance carrier then applied for the reopening of the 1974 accident, claiming that on the basis of the foregoing reports any liability should be apportioned between the 1974 and 1976 injuries and shared on that basis with the Special Fund for Reopened Cases. The Workers' Compensation Board granted such reopening. After a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) found claimant permanently partially disabled as a result of the 1976 injury, directed continued payment by the carrier for reduced wages and closed the case on the 1974 injury on the ground that there was insufficient evidence of an accident.

Upon the carrier's application to review the award and

request for apportionment if any award was proper, the Board found a continued, causally related permanent partial disability in connection with the 1976 accident and rejected the contention that claimant had voluntarily withdrawn from the labor market. The Board further held that the record was in need of further development as to compensability and apportionment with respect to the 1974 injury claimant sustained. Accordingly, the Board modified the decision of the WCLJ in the case involving the 1976 accident by making the rate of compensation tentative, and otherwise affirmed that decision. It also reversed the WCLJ's closing of the case involving the 1974 injury and restored both cases to the Trial Calendar. This appeal by the employer and its carrier ensued.

There should be an affirmance. There clearly was substantial evidence to support the Board's finding of a permanent partial disability from claimant's back condition causally related to the 1976 accident, consisting of the medical testimony and reports of Clark and Cohn. Moreover, Clark rejected any connection between claimant's disabling back condition and his arthritic hip. The fact that other treating or examining physicians came to contrary conclusions merely presented a conflict in medical testimony within the province of the Board to resolve (see, Matter of Kapogiannis v Vassar Coll., 141 AD2d 947, 948; Matter of Murtagh v St. Theresa's Nursing Home, 84 AD2d 587). Likewise, the Board could credit claimant's testimony that his resignation from the employer was attributable to the fact that the only work to which he was assigned caused increased back pain and that he only lost his last employment because of back-related absences. This evidence, together with the stringent physical limitations on his employment activities described by Cohn and Clark, amply supported the Board's finding that claimant did not voluntarily withdraw from the labor market (see, Matter of Landi v Carrier Corp., 125 AD2d 789).

Finally, it is urged that the Board erred in directing payment of the award for reduced earnings before final resolution of the issues of compensability and apportionment respecting claimant's 1974 injury. We agree with the Board that the direction to make the payments herein pending full development of the record on those issues was interlocutory, did not involve a threshold legal issue and, hence, is not appealable (see, Matter of Taylor v Gold & Son, 105 AD2d 494).

Amended decision affirmed, with one bill of costs. Mahoney, P. J., Casey, Weiss, Levine and Mercure, JJ., concur.