■ In the Matter of the Claim of PAMELA HARRIS, Respondent, v GREY ADVERTISING, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.—Mercure, J. Appeal from a decision of the Workers' Compensation Board, filed August 22, 1990, which, *inter alia,* continued an award of workers' compensation benefits to claimant.

Claimant was awarded workers' compensation benefits as the result of injuries she received when a light pole struck her on the head during the filming of an advertisement in connection with her employment with Grey Advertising, Inc. In

January 1988, the employer appealed as premature a January 11, 1988 Workers' Compensation Law Judge (hereinafter WCLJ) decision awarding compensation benefits from July 25, 1984 at a $125 tentative rate, seeking reversal of the award and restoral to the calendar for development of the record on the issue of claimant's disability. On May 24, 1989, the Workers' Compensation Board rendered a decision on its own initiative amending an earlier decision by finding, *inter alia,* that claimant had a causally related moderate partial disability. On August 23, 1989, claimant settled a third-party negligence action for $150,000.

At a November 13, 1989 hearing, the employer raised the issue of its entitlement to a credit for the net amount of the third-party settlement *(see,* Workers' Compensation Law § 29). Because of the parties' disagreement as to whether the May 24, 1989 Board decision resolved the employer's pending appeal, the WCLJ took no action on the issue. Rather, by decision filed February 16, 1990, the WCLJ made an award to August 23, 1989, the date of the third-party settlement, at an $84 tentative rate and continued the case. The employer appealed this decision as well, again contending that the record required further development on the question of residual disability and raising the issue of the third-party settlement. The Board rendered a decision, filed August 22, 1990, affirming both WCLJ decisions, finding, *inter alia,* "that the record requires further development on the question of a possible third party settlement and the issues attendant thereto" and that the WCLJ decision of January 11, 1988 "is proper pending determination on the questions of deficiency compensation and permanency, related thereto".

The employer now appeals to this court, asserting (1) that it properly preserved its right to take a credit for the net recovery received by claimant in the settlement of her liability case, and (2) that the Board erred in directing that compensation payments continue beyond the date of the settlement without at the same time permitting the credit. We agree with the Board that this appeal is premature and should be dismissed. The amount of actual credit which is to be allowed against a claimant's benefits from the recovery of a third-party action is a question of fact which the Board has not yet resolved *(see, Matter of Shulman v Shulman Assocs.,* 49 AD2d 291, 293). The Board's determination to continue the case for development of the record "was interlocutory, did not involve a threshold legal issue and, hence, is not appealable" *(Matter of Walker v Low & Son,* 154 AD2d 853, 854; *see,*

*Matter of Taylor v Gold & Son,* 105 AD2d 494). We also note that, contrary to the employer's contention, the Board did not continue the award beyond the date of the third-party settlement.

Weiss, P. J., Levine and Casey, JJ., concur. Ordered that the appeal is dismissed, without costs.