■ In the Matter of the Claim of DAWN J. SUPINSKI, Appellant, v BANKERS TRUST COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [652 NYS2d 1014] —Appeals from two decisions of the Workers' Compensation Board, filed November 29, 1994 and May 8, 1995, which reopened and remitted the matter for a new hearing.

Claimant was a vice-president and officer at the employer bank until her position was eliminated in September 1989. She subsequently applied for disability benefits based on her claimed condition of inflammatory bowel syndrome. Claimant did not appear at any of the seven hearings thereafter scheduled to be held before Workers' Compensation Law Judges (WCLJs), nor did she provide any witnesses to attest to her alleged disability. In its decisions filed November 29, 1994 and May 8, 1995, the Workers' Compensation Board reopened and remitted the matter for hearings before a WCLJ, giving claimant additional opportunities to present evidence regarding her claimed disability. When claimant failed to appear at either of the hearings that ensued, a WCLJ issued an order, filed June 13, 1995, directing that the matter be closed.

Since the two Board decisions appealed by claimant were clearly interlocutory and did not involve any threshold legal issues, the appeals must be dismissed (*see, e.g., Matter of Hutcheson v Trinity Tool & Die,* 201 AD2d 826; *Matter of Green v Brand Mid-Atl.,* 198 AD2d 633, 634; *Matter of Harris v Grey Adv.,* 180 AD2d 879, 880). In any event, claimant failed to appeal the June 1995 WCLJ decision to the Board with the result that it became final, thereby rendering moot the earlier deci-

sions of November 29, 1994 and May 8, 1995 (*see,* Workers' Compensation Law § 23; *see also, Matter of Friss v City of Hudson Police Dept.,* 187 AD2d 94, 96).

Cardona, P. J., Mikoll, White, Peters and Spain, JJ., concur. Ordered that the appeals are dismissed, without costs.