◾ In the Matter of the Claim of TERRY T. BYRNE, Respondent, v FALL FITTING, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [698 NYS2d 78] —Mikoll, J. P. Appeal from a decision of the Workers' Compensation Board, filed July 20, 1998, which ruled that claimant suffered from a causally related disability and continued his case pending development of the record on the degree of disability.

After slipping and injuring his back during his employment as a welder, claimant received workers' compensation benefits at a moderate disability tentative rate. Based upon a medical report indicating that any disability suffered by claimant was not causally related to his employment, the employer's workers' compensation insurance carrier moved to suspend payments pending further development of the record on the issue of causal relationship. The Workers' Compensation Board rejected the medical report as incredible and denied the motion. In addition, the Board found that claimant suffered from a causally related disability and directed that payments be continued at the tentative rate pending further development of the record on the issue of the degree of disability. The employer and its workers' compensation insurance carrier appeal.

Initially, we reject claimant's contention that the Board's decision was interlocutory and therefore not appealable inasmuch as the present appeal involves the Board's ruling on the threshold legal issue of whether claimant's disability was causally related to his employment (*see, Matter of Harris v Grey Adv.*, 180 AD2d 879; *cf., Matter of Supinski v Bankers Trust Co.*, 235 AD2d 844). In any event, we find no error in the Board's deci-

sion denying the motion to suspend payments and finding causal relationship without further development of the record on that issue. It was solely within the Board's province to resolve the conflicting medical evidence on the issue of causation by rejecting the proof offered by the employer's workers' compensation insurance carrier (*see, Matter of Grucza v Waste Stream Tech.*, 252 AD2d 901). In light of the failure to present credible medical evidence indicating that a suspension of payments was justified (*see*, 12 NYCRR 300.23 [b] [1]), and since we find that the remaining medical evidence credited by the Board provides substantial evidence to support the finding of causal relationship (*see, Matter of Dongarra v Village of Ossining*, 250 AD2d 1007, *lv dismissed* 92 NY2d 919), we perceive no reason to disturb the Board's decision.

Mercure, Yesawich Jr., Peters and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.