■ In the Matter of the Claim of MARIO KARAM, Respondent, v EXECUTIVE CHARGE/LOVE TAXI et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [725 NYS2d 577] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed November 12, 1999, which ruled that an employer-employee relationship existed between claimant and Executive Charge/Love Taxi.

Upon determining that claimant was an employee of Executive Charge and, therefore, not an independent contractor, the Workers' Compensation Law Judge restored claimant's case to the calendar for the purpose of establishing accident, notice and causal relationship, for further development of the record on the issue of possible general-special employment in regard to the interrelationship between Executive Charge and Love Taxi, and to ascertain the status of claimant's third-party litigation. Executive Charge/Love Taxi appealed the decision of the Workers' Compensation Law Judge to the Workers' Compensation Board, which affirmed the finding of an employment relationship and continued the case. Under these circumstances, the Attorney General argues that the appeal to this Court must be dismissed since the Board's decision was interlocutory and not appealable.

We agree. Our decision in *Matter of Dubnoff v Feathers Sportswear* (74 AD2d 989) is controlling. Therein we held: "The board's determination of the issue of employment in this case does not create a 'threshold legal issues' within the meaning of *Matter of McDowell v La Voy* (59 AD2d 995) so as to permit review by this court prior to the board's final determination of the claim. Indeed, permitting such an appeal would clearly be contrary to the court's oft-stated policy of discouraging piecemeal review of the substantive issues in a compensation case [citation omitted]" (*Matter of Dubnoff v Feathers Sportswear*, supra, at 989; *see, Matter of Salerno v Newsday, Inc.*, 266 AD2d 600).

Mercure, J. P., Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the appeal is dismissed, without costs.