■ In the Matter of the Claim of YVETTE MORALES, Appellant, v METROPOLITAN LIFE et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [726 NYS2d 586] —Mercure, J. P. Appeal from a decision of the Workers' Compensation Board, filed November 12, 1998, which determined, *inter alia*, that the workers' compensation carrier was entitled to complete cross-examination of claimant.

Claimant brought a claim for benefits for injuries allegedly sustained from a work-related incident in August 1993. After a Workers' Compensation Law Judge (hereinafter WCLJ) determined that claimant established a prima facie claim for several medical conditions, he continued the case and scheduled medical testimony. At subsequent hearings, the WCLJ did not allow the employer's workers' compensation carrier to complete cross-examination of claimant and the carrier filed exceptions with the Board. Prior to a ruling on these exceptions, the WCLJ

took testimony of medical experts. The Board thereafter determined, *inter alia,* that the carrier was entitled to complete cross-examination of claimant. Claimant now appeals. Inasmuch as the Board's decision was interlocutory and did not involve a threshold legal issue, the decision is not appealable and this appeal must be dismissed (*see, Matter of Supinski v Bankers Trust Co.,* 235 AD2d 844; *Matter of Green v Brand Mid-Atl.,* 198 AD2d 633).

Peters, Spain, Rose and Lahtinen, JJ., concur. Ordered that the appeal is dismissed, without costs.