■ In the Matter of the Claim of WILLIAM BUSH, Respondent, v BELTRONE CONSTRUCTION, Respondent, and CNA INSURANCE COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [733 NYS2d 657] —Spain, J. Appeal from a decision of the Workers' Compensation Board, filed August 29, 2000, which denied the application of the workers' compensation carrier for full Board review of a decision directing it to continue paying claimant workers' compensation benefits at a temporary total disability rate pending full development of the record.

During the course of his employment as a construction worker for the employer, claimant injured his back on June 24, 1994 and again on July 27, 1994; he sought medical treatment and eventually underwent surgery. In response to a claim made after the July 27, 1994 event, the employer's workers' compen-

sation carrier commenced paying claimant $400 a week without waiting for an award of workers' compensation benefits. Following a hearing in February 1998, a Workers' Compensation Law Judge issued a decision finding accident, notice and casual relationship, and awarded claimant benefits at a temporary total disability rate of $400 a week for lost time through February 10, 1998 and ordered the carrier to continue payments at that rate. The Workers' Compensation Board affirmed the temporary benefit award, denying the carrier's requests to reduce payments from a temporary total disability rate to a temporary marked partial rate and to apportion the rate to reflect only that portion of claimant's injury related to the July 27, 1994 incident. However, the Board continued the case for further development of the record on the issues of degree of disability, permanency and apportionment. The carrier's subsequent application for full Board review was denied and the carrier now appeals.

"Appeals from Board decisions which neither decide all substantive issues nor involve a threshold legal issue are not permitted" (*Matter of Taylor v Gold & Son*, 105 AD2d 494, 494 [citation omitted]). Here, the carrier challenges the degree of claimant's disability and apportionment, the very issues on which the Board withheld final resolution pending further development of the record. As the Board's direction to continue payments pending full development of the record on those issues was interlocutory and did not involve a threshold legal issue, it is not appealable (*see, Matter of Walker v Low & Son*, 154 AD2d 853, 854 [holding Board's direction to pay award pending final resolution of the issues of compensability and apportionment nonappealable]; *see also, Matter of Harris v Grey Adv.*, 180 AD2d 879, 880; *Matter of Donovan v Knickerbocker Warehousing Corp.*, 72 AD2d 870; *Matter of Harris v Carborundum Co.*, 72 AD2d 869; *cf., Matter of Byrne v Fall Fitting*, 266 AD2d 684, 684-685).

Mercure, J. P., Peters, Carpinello and Rose, JJ., concur. Ordered that the appeal is dismissed, without costs.