■ In the Matter of the Claim of SELVIN PAIZ, Respondent, v COASTAL PIPELINE PRODUCTS CORPORATION, Appellant. WORK-

---

ERS' COMPENSATION BOARD, Respondent. [734 NYS2d 510] —Crew III, J. Appeal from a decision of the Workers' Compensation Board, filed December 1, 2000, which ruled that claimant was a minor when he sustained an injury in the course of his employment.

Claimant was injured while working as a laborer and filed a claim for workers' compensation benefits. Pursuant to Workers' Compensation Law § 14-a (1), the benefits awarded "shall be double the amount otherwise payable if the injured employee at the time of the accident is a minor employed, permitted or suffered to work in violation of any provision of the labor law." Claimant raised the issue of his entitlement to the increased benefits, but a Workers' Compensation Law Judge concluded that claimant was not a minor at the time of his work-related injury and, hence, awarded benefits at the ordinary rate. On claimant's appeal, the Workers' Compensation Board concluded that claimant was in fact a minor at the time of his work-related injury and continued the case "on the issue of proper compensation." The employer appeals.

Inasmuch as the question of whether claimant was engaged in illegal employment and, therefore, entitled to increased benefits, was not resolved by the Board, the Board's decision is interlocutory and nonappealable (*see generally, Matter of Karam v Executive Charge/Love Taxi*, 284 AD2d 599). "Appeals from Board decisions which neither decide all substantive issues nor involve a threshold legal issue are not permitted" (*Matter of Taylor v Gold & Son*, 105 AD2d 494 [citation omitted]). Accordingly, the instant appeal is dismissed.

Mercure, J. P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the appeal is dismissed, without costs.