■ In the Matter of the Claim of MICHAEL MONTANARO, Respondent, v C.H. QUAY & SONS, et al., Appellants. WORKERS'

COMPENSATION BOARD, Respondent. [740 NYS2d 656] —Lahtinen, J. Appeals (1) from a decision of the Workers' Compensation Board, filed April 24, 2000, which ruled that the Workers' Compensation Law Judge properly directed depositions of medical witnesses, and (2) from a decision of said Board, filed May 29, 2001, which denied the application of the workers' compensation carrier for full Board review.

In February 1994, claimant sought workers' compensation benefits for injuries that claimant alleges were causally related to his work as a construction laborer. Claimant's case, controverted by the employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier), was adjourned several times pending the outcome of claimant's Labor Law § 241 (6) litigation against the owner of the work site and a third-party action against claimant's employer. In June 1999, over the carrier's objections, the Workers' Compensation Law Judge (hereinafter WCLJ) directed the parties to produce the deposition transcripts of the medical witnesses and continued the case.

The carrier applied for Board review, arguing that the taking of the physicians' testimony by deposition instead of live testimony violated its due process rights and its rights under 12 NYCRR 300.10 (c). On April 24, 2000, a Board panel found that the WCLJ properly exercised her discretion in ordering the depositions and, on May 29, 2001, the carrier's request for full Board review was denied. The carrier then appealed to this Court from the April 24, 2000 and May 29, 2001 Board decisions.

"An appeal from an interlocutory Board decision will be dismissed if it neither disposes of all substantive issues nor involves a threshold legal issue which may be dispositive of the claim * * *" (*Matter of Salerno v Newsday, Inc.*, 266 AD2d 600, 600 [citations omitted]). The Board's decision upholding the WCLJ's order directing depositions* as the method by which the physicians' testimony was to be taken was such an interlocutory ruling (*see, e.g., Matter of Paiz v Coastal Pipeline Prods. Corp.*, 289 AD2d 846; *Matter of Bush v Beltrone Constr.*, 289 AD2d 722; *Matter of Morales v Metropolitan Life*, 284 AD2d 736). Consequently, the carrier's appeals must be dismissed.

Peters, J.P., Carpinello, Mugglin and Rose, JJ., concur. Ordered that the appeals are dismissed, without costs.

---

* Depositions are authorized in workers' compensation proceedings (*see,* Workers' Compensation Law §§ 121, 142; 12 NYCRR 300.33).