■ In the Matter of the Claim of JAMES BATHRICK, Appellant, v NEW YORK STATE DEPARTMENT OF TRANSPORTATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [748 NYS2d 709] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed July 19, 2001, which ruled that the Workers' Compensation Law Judge properly directed depositions of medical witnesses.

Claimant is seeking workers' compensation benefits as the result of a causally related injury to his right foot. In order to resolve conflicting medical opinions concerning claimant's degree of permanent loss of use of the injured foot, the Workers' Compensation Law Judge ordered that oral depositions be taken of the medical witnesses. On review, the Workers' Compensation Board affirmed the decision of the Workers' Compensation Law Judge, finding that directing depositions was an appropriate use of discretion designed to speed up the adjudicatory process and make efficient use of the hearing calendar. Claimant appeals contending, inter alia, that directing depositions of medical witnesses constitutes a violation of the Equal Protection Clause of the State and Federal Constitutions.

Since the decision of the Board constitutes an interlocutory order which neither disposes of a substantive issue nor involves a threshold legal issue, this appeal must be dismissed (*see Matter of Bush v Beltrone Constr.*, 289 AD2d 722; *Matter of Paiz v Coastal Pipeline Prods. Corp.*, 289 AD2d 846; *Matter of Salerno v Newsday, Inc.*, 266 AD2d 600). We have recently held that a decision involving the manner of presentation of medical witness testimony constitutes such an interlocutory ruling (*see Matter of Montanaro v Quay & Sons*, 293 AD2d 919).

Crew III, J.P., Peters, Rose and Lahtinen, JJ., concur. Ordered that the appeal is dismissed, without costs.