■ In the Matter of the Claim of LAWRENCE MALKIN, Respondent, v LOVE TAXI, INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent. [749 NYS2d 447] —Mugglin, J. Appeal from a decision of the Workers' Compensation Board, filed April

12, 2001, which, inter alia, ruled that an employer-employee relationship existed between claimant and Love Taxi, Inc.

Following several hearings, a Workers' Compensation Law Judge (hereinafter WCLJ) determined claimant to be an employee of Love Taxi, Inc. Accordingly, the WCLJ restored the case to the calendar for development of the issue of causally related disability. The Workers' Compensation Board agreed with the WCLJ that an employer-employee relationship existed between claimant and Love Taxi. Love Taxi now appeals, asserting that no causal relationship exists between claimant's alleged employment and his injuries and that such injuries do not constitute an accident.

It is now well settled that "[a]n appeal from an interlocutory Board decision will be dismissed if it neither disposes of all substantive issues nor involves a threshold legal issue which may be dispositive of the claim" (*Matter of Salerno v Newsday*, 266 AD2d 600, 600). A determination that an employer-employee relationship exists is not the determination of a threshold legal issue (*see Matter of Karam v Executive Charge/Love Taxi*, 284 AD2d 599, 560). Moreover, Love Taxi fails to address the employment issue in its brief.

The balance of the WCLJ's decision, which was subsequently affirmed by the Board, is clearly interlocutory in nature (*see Matter of Bush v Beltrone Constr.*, 289 AD2d 722; *Matter of Harris v Grey Adv.*, 180 AD2d 879; *compare Matter of Byrne v Fall Fitting*, 266 AD2d 684). Accordingly, the instant appeal is dismissed.

Crew III, J.P., Spain, Rose and Lahtinen, JJ., concur. Ordered that the appeal is dismissed, without costs.