■ In the Matter of the Claim of JASON REESE, Appellant, v ADVANCED EMPLOYMENT CONCEPTS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [790 NYS2d 721]—

Peters, J.P. Appeal from a decision of the Workers' Compensation Board, filed November 19, 2003 which, inter alia, rescinded a decision of the Workers' Compensation Law Judge and restored the case to the trial calendar for further development of the record.

Claimant's case for a work-related back injury was established in July 2002 and he thereafter began to receive workers' compensation benefits. Subsequently, additional proceedings ensued in which the employer and its workers' compensation carrier objected to continuing awards, made at the tentative mild rate, on the ground that claimant had failed to present sufficient evidence of a continuing causally related disability. In two decisions filed in February and April 2003, the Workers' Compensation Board affirmed the establishment of the tentative benefit awards, but remitted the matter for further clarification by claimant's treating physician on the issue of claimant's degree of disability. Thereafter, the Workers' Compensation Law Judge directed that payments at the tentative rate be brought current, but held resolution of claimant's request for a penalty for nonpayment pursuant to Workers' Compensation Law § 25 (3) (f) in abeyance pending claimant's submission of updated medical evidence of a continuing disability. Upon claimant's application for review, the Board modified the decision of the Workers' Compensation Law Judge by holding all awards after September 25, 2002 in abeyance pending claimant's submission of clarifying medical evidence on his degree of disability, and by further remitting the case to the trial calendar for further record development of this issue. Claimant now appeals, contending that the Board erred by not imposing a penalty upon the employer and the carrier for its unilateral suspension of payments after September 21, 2002.

Because the Board's decision, which expressly held further benefit payments to claimant in abeyance pending his submission of updated medical evidence, neither resolved all substantial issues in the claim nor reached a threshold legal issue, the decision is not appealable (*see Matter of Bush v Beltrone Constr.*, 289 AD2d 722, 723 [2001]; *Matter of Taylor v Gold & Son*, 105 AD2d 494 [1984]). Accordingly, claimant's appeal, which seeks the imposition of a penalty for the same award period on which the Board withheld decision, must be dismissed.

Mugglin, Rose, Lahtinen and Kane, JJ., concur. Ordered that the appeal is dismissed, without costs.