■  In the Matter of the Claim of VERNON SAWYER, Appellant, v ORANGE MOTORS et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [807 NYS2d 668]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed September 10, 2003, which rescinded a decision of the Workers' Compensation Law Judge and restored the case to the trial calendar for further development of the record.

After claimant's cases for compensable injuries arising out of two work-related accidents in December 1990 and October 1991 were established, he began receiving workers' compensation benefits. Claimant subsequently started his own business and applied to the State Insurance Fund for reduced earnings benefits. Following a hearing, a Workers' Compensation Law Judge ruled in claimant's favor by awarding him reduced earnings payments. Upon the Fund's application for review, the Workers' Compensation Board held that, in calculating the appropriate reduced earnings benefits, claimant was entitled to deduct only "necessary/mandatory" expenses, and not "optional/elective" expenses, from his gross earnings. After classifying certain expenses as "necessary/mandatory" and others as "optional/elective," the Board rescinded the decision of the Workers' Compensation Law Judge and restored the case to the trial calendar to determine whether deductions were permissible for various other expenses. Claimant appeals, contending that the Board's decision disallowing deductions for the expenses deemed "optional/elective" is unsupported by substantial evidence.

Inasmuch as the Board's decision—which essentially held claimant's reduced earnings benefits in abeyance pending consideration of a more developed record—was interlocutory in nature and neither disposed of all substantive issues nor reached a threshold legal issue which might be conclusive of the claim, the decision is not the proper subject of an appeal (see Matter of Reese v Advanced Empl. Concepts, 15 AD3d 760, 761 [2005]; Matter of Malkin v Love Taxi, 299 AD2d 681, 682 [2002]; Matter of Bathrick v New York State Dept. of Transp., 298 AD2d 814, 814 [2002]). Notably, piecemeal review of issues in workers'

compensations cases should be avoided (*see Matter of Karam v Executive Charge/Love Taxi*, 284 AD2d 599, 599 [2001]). Since the Board's nonfinal decision challenged by claimant herein "may be reviewed upon the appeal from the final determination" (*Matter of Boak v O'Leary Funeral Home*, 116 AD2d 827, 827 [1986]; *see Matter of Roller v Lehigh Portland Cement Co.*, 89 AD2d 1040 [1982]; *Matter of Huffman v Lake City Contr. Corp.*, 74 AD2d 989, 990 [1980]), we conclude that the instant appeal must be dismissed.

Crew III, Peters, Spain and Kane, JJ., concur. Ordered that the appeal is dismissed, without costs.