■ In the Matter of the Claim of HENRY WILSON, Respondent, v ROSELLI MOVING & STORAGE CORPORATION, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [829 NYS2d 742]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed August 18, 2005, which rescinded a decision of the Workers' Compensation Law Judge and restored the case to the trial calendar for further development of the record.

Claimant's case for compensable injuries was established and he began receiving workers' compensation benefits. He thereafter filed a discrimination complaint pursuant to Workers' Compensation Law § 120 alleging that he was "constructive[ly] discharged." After several hearings were apparently scheduled and adjourned, a Workers' Compensation Law Judge denied the complaint and closed the case. The Workers' Compensation Board, however, subsequently rescinded that decision and restored the case to the trial calendar for further development of the record. The employer now appeals.

Given that the Board's decision was interlocutory and neither disposed of all substantive issues nor addressed a dispositive legal issue, the decision is not appealable (*see Matter of Sawyer v Orange Motors*, 24 AD3d 1117, 1117 [2005]; *Matter of Reese v Advanced Empl. Concepts*, 15 AD3d 760, 761 [2005]). In addition, we note that "piecemeal review of issues in workers' compensation cases should be avoided" (*Matter of Sawyer v Orange Motors, supra* at 1117-1118; *see Matter of Karam v Executive Charge/Love Taxi*, 284 AD2d 599, 599 [2001]). Thus, recognizing that this nonfinal determination is reviewable upon an appeal from the Board's final decision (*see Matter of Sawyer v Orange Motors, supra* at 1118; *Matter of Boak v O'Leary Funeral Home*, 116 AD2d 827, 827 [1986]), we must dismiss this appeal.

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the appeal is dismissed, without costs.