◼ In the Matter of the Claim of HUMBERTO MONZON, Respondent, v SAM BERNARDI CONSTRUCTION, INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent. [849 NYS2d 119]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed November 28, 2005, which, among other things, precluded the employer from presenting certain evidence, reopened the case and restored it to the hearing calendar.

In 2004, claimant was injured in a work-related accident. At a hearing before a Workers' Compensation Law Judge on February 4, 2005, claimant testified that he had not worked since the accident and could not return to work, at which point the employer's attorney requested a hearing so that he could produce a witness who would testify that claimant had, in fact, returned to work and that there was videotape proof of such. The Workers' Compensation Law Judge directed the employer's attorney to turn over a copy of the videotape within two weeks

and continued payments to claimant. Thereafter, upon the employer's request for review, the Workers' Compensation Board determined that the employer should be precluded·from introducing the videotape and any related investigative reports since it had not informed claimant of their existence prior to the February 4, 2005 hearing, citing *Matter of De Marco v Millbrook Equestrian Ctr.* (287 AD2d 916, 917 [2001]). Further, the Board reopened the case and restored it to the hearing calendar after determining that awards subsequent to February 4, 2005 should be rescinded and held in abeyance pending development of the record on the issue of claimant's return to work. The employer appeals.

This interlocutory Board decision is not appealable because it neither disposes of all substantive issues nor reaches a potentially dispositive threshold legal issue (*see Matter of Wilson v Roselli Moving & Stor. Corp.*, 37 AD3d 959 [2007]; *Matter of Rivers v Blue Ridge Farms, Inc.*, 36 AD3d 1132, 1133 [2007]; *Matter of Pisarek v Utica Cutlery*, 26 AD3d 619, 620 [2006]). Inasmuch as the Board has directed further development of the record and held certain benefit payments to claimant in abeyance (*see Matter of Reese v Advanced Empl. Concepts*, 15 AD3d 760, 761 [2005]), our review of the Board's decision here would result in piecemeal review of the issues in the case (*see Matter of Rivers v Blue Ridge Farms, Inc.*, 36 AD3d at 1133; *Matter of Sawyer v Orange Motors*, 24 AD3d 1117, 1117-1118 [2005]). Since the nonfinal decision may be reviewed upon an appeal from the Board's final determination (*see Matter of Wilson v Roselli Moving & Stor. Corp.*, 37 AD3d at 959; *Matter of Sawyer v Orange Motors*, 24 AD3d at 1118), this appeal must be dismissed.

Cardona, P.J., Peters, Spain and Kane, JJ., concur. Ordered that the appeal is dismissed, without costs.