■ In the Matter of the Claim of JOHNSON OGBUAGU, Respondent, v CYPRIAN NGBADI et al., Doing Business as SOPHISTICATED EXPRESS SERVICE, Respondent, and UNINSURED EMPLOYER'S FUND, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [876 NYS2d 769]—

Cardona, P.J. Appeal from a decision of the Workers' Compensation Board, filed October 26, 2007, which, among other things,

ruled that an employer-employee relationship existed between claimant and Sophisticated Express Service.

Claimant filed a claim for workers' compensation benefits alleging that he sustained personal injuries when he was involved in a motor vehicle accident during the course of his employment as a driver for Sophisticated Express Service. The Workers' Compensation Law Judge disallowed the claim on the ground that claimant was not an employee of Sophisticated Express Service at the time of the accident. Upon review, the Workers' Compensation Board reversed, finding that a statutory employer-employee relationship existed. The Board restored claimant's case to the calendar for further development of the record on all outstanding issues, including accident, notice and causal relationship. This appeal ensued.

Inasmuch as the Board's decision herein regarding the employer-employee relationship is interlocutory in nature and does not dispose of all substantive issues nor reach legal threshold issues that may be determinative of the claim, that decision is not the proper subject of an appeal (*see Matter of Wilson v Roselli Moving & Stor. Corp.*, 37 AD3d 959 [2007]; *Matter of Sawyer v Orange Motors*, 24 AD3d 1117, 1117 [2005]; *Matter of Karam v Executive Charge/Love Taxi*, 284 AD2d 599 [2001]). Such "piecemeal review of issues in workers' compensation cases should be avoided" (*Matter of Sawyer v Orange Motors*, 24 AD3d at 1117-1118). Rather, the Board's nonfinal decision is more appropriately reviewed upon an appeal from the Board's final determination (*see Matter of Wilson v Roselli Moving & Stor. Corp.*, 37 AD3d at 959; *Matter of Sawyer v Orange Motors*, 24 AD3d at 1118; *Matter of Karam v Executive Charge/Love Taxi*, 284 AD2d at 599). Accordingly, the instant appeal should be dismissed.

Rose, Kane, Kavanagh and Stein, JJ., concur. Ordered that the appeal is dismissed, without costs.