■ In the Matter of the Claim of Vincent Carlineo, Claimant, v Snelling & Snelling, LLC, et al., Appellants, and Fortuna Energy, Inc., Respondent. Workers' Compensation Board, Respondent. [899 NYS2d 489]—

Kavanagh, J. Appeal from a decision of the Workers' Compensation Board, filed March 30, 2009, which rescinded a prior decision of a Workers' Compensation Law Judge and returned the case for development of the record on the issue of general/special employment.

Claimant was employed by Snelling & Snelling, LLC, a temporary employment agency, and, in June 2005, was assigned by Snelling to work as a laborer for Michael Comstock, who ran a business that at the time was providing support services to Fortuna Energy, Inc. Claimant was injured when he was a passenger in a vehicle owned by Comstock that was involved in an accident that resulted in a partial amputation of claimant's left leg and fractures to his right tibia and fibula.

Claimant's workers' compensation claim was subsequently established, tentative awards were made and Comstock, Fortuna and Fortuna's workers' compensation carrier were put on notice

of the claim given their status as claimant's putative general/ special employers. Hearings were conducted on the claim, but before Snelling completed its examination of Comstock, a Workers' Compensation Law Judge (hereinafter WCLJ) rendered a decision finding, among other things, that, at the time of the accident, claimant did not have a general/special employment relationship with Comstock or Fortuna and that Snelling's workers' compensation carrier was responsible for the payment of this claim. Snelling, its workers' compensation carrier and the third-party administrator (hereinafter collectively referred to as Snelling) sought review of this decision and specifically requested that the hearing be reopened so that additional evidence could be submitted as to claimant's employment status at the time of the accident. After the WCLJ's decision was initially affirmed by a Workers' Compensation Board panel, it was reviewed by the full Board, subsequently rescinded, and the matter was referred back to the Board panel for further consideration. In response, the Board panel, in a decision filed March 30, 2009, determined, among other things, that Snelling's counsel should have been permitted to complete his examination of Comstock prior to the WCLJ closing the hearing and rendering a final decision. It rescinded the WCLJ's decision and remanded the matter with directions that the WCLJ allow additional testimony to be taken from Comstock and, upon completion of his examination, render a new decision that addresses all issues raised by this claim. Snelling appeals from the Board panel's decision.

In essence, Snelling argues that the Board panel erred by restricting the hearing on remand to Comstock's testimony and contends that it should be provided with an opportunity to present additional evidence on the employment issue from other witnesses. As the decision being appealed rescinds the original decision and remands the matter to the WCLJ for a new ruling on all issues, it is "interlocutory in nature and does not dispose of all substantive issues nor reach legal threshold issues that may be determinative of the claim" (*Matter of Ogbuagu v Ngbadi*, 61 AD3d 1198, 1199 [2009]). As such, this decision may not be the proper subject of an appeal (*see Matter of Wilson v Roselli Moving & Stor. Corp.*, 37 AD3d 959, 959 [2007]; *Matter of Sawyer v Orange Motors*, 24 AD3d 1117, 1117-1118 [2005]), and this appeal must be dismissed (*see Matter of Ogbuagu v Ngbadi*, 61 AD3d at 1199; *Matter of Monzon v Sam Bernardi Constr., Inc.*, 47 AD3d 977, 978 [2008]; *Matter of Wilson v Roselli Moving & Stor. Corp.*, 37 AD3d at 959).

Mercure, J.P., Rose, Lahtinen and Egan Jr., JJ., concur. Ordered that the appeal is dismissed, without costs.