■ In the Matter of the Claim of TYRONE McCLAM, Respondent, v AMERICAN AXLE & MANUFACTURING et al., Appellants, and CF MOTORFREIGHT et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [911 NYS2d 685]—

McCarthy, J. Appeal from a decision of the Workers' Compensation Board, filed April 9, 2009, which ruled, among other things, that apportionment of claimant's workers' compensation award be deferred pending a finding of permanency.

Claimant suffered a right shoulder injury in 1997 while working for CF Motorfreight. His workers' compensation claim for that injury was established and eventually resolved with a 12% schedule loss of use of his right arm. While working for American Axle & Manufacturing in 2000, claimant again injured his right shoulder, resulting in another established workers' compensation claim. American Axle requested reduction of its

payments following an independent medical examination conducted by physician Thomas Pastore, who recommended apportionment of claimant's workers' compensation award. In March 2003, the Workers' Compensation Board determined that there was a legal basis for apportionment and returned the case to the Workers' Compensation Law Judge for a determination of the proper percentage. Based on Pastore's reports and testimony, the Workers' Compensation Law Judge concluded that an apportionment of 75% to the claim on the 1997 injury and 25% to the claim on the 2000 injury was "established for medical treatment" and that apportionment for permanency may be appropriate in the future.

American Axle sought Board review of only that portion of the decision limiting apportionment to medical treatment. Despite noting that its 2003 decision did not limit apportionment to medical treatment, the Board determined that any apportionment here, for either medical or indemnity benefits, should be deferred until a finding of permanency is made. The case was thus continued without fixing apportionment percentages. American Axle appeals.

The appeal should be dismissed. Board decisions "which neither decide all substantive issues nor involve a threshold legal issue" are not appealable (*Matter of Taylor v Gold & Son*, 105 AD2d 494, 494 [1984]; *see Matter of Monzon v Sam Bernardi Constr., Inc.*, 47 AD3d 977, 978 [2008]; *Matter of Walker v Low & Son*, 154 AD2d 853, 854 [1989]). This Court has previously dismissed appeals from interlocutory Board decisions that withheld final resolution on issues—including apportionment—pending further development of the record (*see Matter of Bush v Beltrone Constr.*, 289 AD2d 722, 723 [2001]; *Matter of Walker v Low & Son*, 154 AD2d at 854). Dismissal of this appeal will further the policy goal of avoiding piecemeal review of issues in workers' compensation cases, without depriving the parties of the ability to appeal the apportionment percentages once they are finally determined (*see Matter of Monzon v Sam Bernardi Constr., Inc.*, 47 AD3d at 978; *Matter of Sawyer v Orange Motors*, 24 AD3d 1117, 1117-1118 [2005]; *Matter of Karam v Executive Charge/Love Taxi*, 284 AD2d 599 [2001]).

Spain, J.P., Kavanagh, Stein and Egan Jr., JJ., concur. Ordered that the appeal is dismissed, without costs.