◼ In the Matter of the Claim of EUSTAQUIO ORTIZ, Respondent, v MARTIN VIETTE NURSERIES, INC., Respondent, and FLORISTS' MUTUAL INSURANCE COMPANY, Appellant. WORKERS' COMPENSATION BOARD, Respondent. [918 NYS2d 759]—Spain, J.P.

Claimant suffered a work-related injury and was awarded workers' compensation benefits for the time period of September 3, 2008 until September 22, 2008. Further benefits were held in abeyance and the employer's workers' compensation carrier subsequently submitted an independent medical examination report and deposition testimony of its medical expert, Sanford Wert, in which he opined that claimant had no further causally related disability. Following a hearing, the Workers' Compensation Law Judge (hereinafter WCLJ) denied claimant's request to preclude consideration of Wert's report and testimony and determined that claimant had no further causally related disability. On review, the Workers' Compensation Board rescinded the WCLJ's decision, finding that Wert's report and testimony should be precluded from consideration as the report did not comply with the requirements of Workers' Compensation Law § 137 and 12 NYCRR 300.2. The Board restored the matter to the calendar for a determination of whether claimant suffers from a further causally related disability, without consideration of Wert's report or testimony. The carrier now appeals.

The Board's decision on appeal—which rescinded the WCLJ's original decision and remanded the matter to the WCLJ for a new determination on the issues—is interlocutory in nature and does not dispose of all the substantive issues nor reach legal threshold issues which may be determinative of the claim. Accordingly, it is not properly the subject of an appeal to this Court (*see Matter of Carlineo v Snelling & Snelling, LLC*, 73 AD3d 1247, 1248 [2010]; *Matter of Monzon v Sam Bernardi Constr., Inc.*, 47 AD3d 977, 978 [2008]). Rather, "piecemeal review of issues in workers' compensation cases should be avoided" (*Matter of Sawyer v Orange Motors*, 24 AD3d 1117, 1117-1118 [2005]). Inasmuch as this nonfinal decision is reviewable upon an appeal of the Board's final determination (*see Mat-

*ter of Ogbuagu v Ngbadi*, 61 AD3d 1198, 1199 [2009]; *Matter of Wilson v Roselli Moving & Stor. Corp.*, 37 AD3d 959 [2007]), this appeal must be dismissed.

Lahtinen, Garry and Egan Jr., JJ., concur. Ordered that the appeal is dismissed, without costs.