■ In the Matter of the Claim of WILLIAM HOLLIS, Appellant, v MORELLI MASONS, INC., et al., Respondent. WORKERS' COMPENSATION BOARD, Respondent. [950 NYS2d 917]—

Rose, J. Appeal from a decision of the Workers' Compensation Board, filed August 18, 2010, which, among other things, established a claim for certain occupational diseases.

Claimant applied for workers' compensation benefits in 2000 alleging certain occupational diseases based upon his exposure to asbestos and other irritants. Hearings were held over the course of several years, culminating in a decision by the Workers' Compensation Law Judge disallowing the claim. Upon review, the Workers' Compensation Board modified, and established the claim for asbestos-related pleural disease and chronic irritative bronchitis. The Board also determined that claimant is not entitled to the inference that his loss of earnings is attributable to his occupational diseases and returned the case to the calendar for further development of the record on the issue of causally-related loss of earnings. Claimant now appeals, arguing that the Board erred in determining that he is not entitled to the inference.

Because the Board's decision is interlocutory in nature and does not dispose of all substantive issues or reach threshold legal issues that may be determinative of the claim, it is not properly the subject of an appeal (*see Matter of Ortiz v Martin Viette Nurseries, Inc.*, 82 AD3d 1480, 1480 [2011]; *Matter of Ogbuagu v Ngbadi*, 61 AD3d 1198, 1199 [2009]). Rather, the Board's nonfinal decision is reviewable upon appeal from the Board's final determination (*see Matter of Ortiz v Martin Viette Nurseries, Inc.*, 82 AD3d at 1480-1481; *Matter of Ogbuagu v Ngbadi*, 61 AD3d at 1199).

Mercure, J.P., Lahtinen, Kavanagh and Garry, JJ., concur. Ordered that the appeal is dismissed, without costs.