Peters, P.J.
Appeal from a decision of the Workers’ Compensation Board, filed September 9, 2011, which rescinded a decision of the Workers’ Compensation Law Judge and restored the case to the trial calendar for further development of the record.
Claimant filed a claim for workers’ compensation benefits alleging that he suffered a back injury after falling off a roof in 2007. According to claimant’s application for benefits, he was employed as a full-time seasonal handyman/laborer by James Smallman and Susan Smallman at their marina in the Town of Malone, Franklin County.[1] The Workers’ Compensation Board thereafter received notice that the Smallmans were disputing that claimant was their employee, and an investigation by the enforcement unit of the Board ensued. Subsequently, the Smallmans’ homeowner’s insurance carrier, New York Central Mutual Insurance Company (hereinafter NYCMIC), gave notice that it was accepting the claim and taking the position that claimant was covered through the residence employees endorsement contained in the Smallmans’ homeowner’s insurance policy. The Workers’ Compensation Law Judge (hereinafter WCLJ), among other things, found that claimant was a covered *1219 employee on the date of the accident and awarded benefits. Upon the Uninsured Employers’ Fund’s application for review, the Board ruled that there was insufficient proof “as to the number of hours the claimant worked per week and whether the claimant may be a covered employee.” Consequently, the Board rescinded the WCLJ’s decision and remitted the matter for further development of the record on that issue. This appeal by the Smallmans and NYCMIC ensued.
The Board’s decision “was interlocutory and did not dispose of all of the substantive issues or reach a potentially dispositive threshold legal issue” and, thus, is not appealable (Matter of Dow v Silver Constr. Corp., 83 AD3d 1270, 1270 [2011]; see Matter of Hollis v Morelli Masons, Inc., 98 AD3d 1196, 1197 [2012]; Matter of Sawyer v Orange Motors, 24 AD3d 1117, 1117 [2005]). Significantly, “[t]he existence of an employer-employee relationship in a particular case is a factual issue for the Board to resolve” (Matter of Brzezinski v Gambino, 100 AD3d 1192, 1192 [2012] [internal quotation marks and citations omitted]) and, inasmuch as the Board continued the case to further develop the record on that question, we find no reason to conduct a piecemeal review of the relevant issues (see Matter of Dow v Silver Constr. Corp., 83 AD3d at 1271; Matter of Ogbuagu v Ngbadi, 61 AD3d 1198, 1199 [2009]). To the extent that it is argued that the Board is barred from considering the issue of covered employment as a result of NYCMIC’s acceptance of coverage during the hearing before the WCLJ, we are not persuaded. Even assuming, arguendo, that NYCMIC’s acceptance of coverage was uncontested and constituted a valid stipulation as contemplated by 12 NYCRR 300.5 (b),[2] it is beyond cavil that even an otherwise valid stipulation is subject to final review by the Board, which has the power to disregard it if it so chooses (see Matter of Lloyd v New Era Cap Co., 80 AD3d 1016, 1019 [2011]; see also 12 NYCRR 300.5 [b] [2]). Since the nonfinal decision now before us is reviewable upon an appeal from the Board’s final decision (see Matter of Dow v Silver Constr. Corp., 83 AD3d at 1271; Matter of Ortiz v Martin Viette Nurseries, Inc., 82 AD3d 1480, 1480 [2011]), this appeal must be dismissed.
Stein, Spain and Garry, JJ., concur. Ordered that the appeal is dismissed, without costs.

. Claimant also provided notice to the Workers’ Compensation Board that he was pursuing a civil action against the Smallmans.

. There is no evidence that any such stipulation was in writing, signed by all parties and approved by a WCU after verifying through questioning that each party had signed it voluntarily and had been advised of the legal effect of the agreement, as required by 12 NYCRR 300.5 (b).