Rose, J.
Appeals (1) from a decision and an amended decision of the Workers’ Compensation Board, filed July 6, 2011 and October 31, 2012, which, among other things, rescinded a prior decision of the Workers’ Compensation Law Judge and remitted the matter for a new decision, and (2) from a decision of said Board, filed March 14, 2013, which denied the request of the employer and its workers’ compensation carrier for reconsideration and/or full Board review.
Claimant applied for workers’ compensation benefits, claiming that he developed a rare form of cancer known as extraskeletal myxoid chondrosarcoma as a result of his exposure to toxic substances on the employer’s premises, the former location of a nuclear fuel rod facility. Following hearings at which the evidence primarily focused on claimant’s exposure to radioactive material, the Workers’ Compensation Board, reversing a decision of the Workers’ Compensation Law Judge (hereinafter WCLJ), found, among other things, that claimant presented insufficient evidence to establish the necessary causal relationship between his illness and his exposure to toxic substances at the employer’s work site.
Thereafter, by decision and amended decision dated July 6, 2011 and October 31, 2012, respectively, the Board granted a subsequent request by claimant that it consider, in the interest *1101 of justice, new medical and scientific evidence submitted by claimant regarding the causal connection between his illness and exposure to toxic chemicals and heavy metals, including nickel, that contaminated the employer’s work site. The Board, among other things, rescinded the WCLJ’s decision and remitted the matter for a new decision, taking into consideration, among other things, the additional medical and scientific evidence submitted by claimant, as well as permitting the employer and its workers’ compensation carrier (hereinafter collectively referred to as the carrier) to depose any of the medical providers not previously deposed. The carrier’s subsequent request for reconsideration and/or full Board review was denied by a Board decision filed March 14, 2013. The carrier now appeals the Board’s July 6, 2011 decision and October 31, 2012 amended decision, as well as the Board’s denial of its application for reconsideration and/or full Board review.
“The Board’s decision on appeal — which rescinded the WCLJ’s original decision and [remitted] the matter to the WCLJ for a new determination on the issues — is interlocutory in nature and does not dispose of all the substantive issues nor reach legal threshold issues which may be determinative of the claim” (Matter of Ortiz v Martin Viette Nurseries, Inc., 82 AD3d 1480, 1480 [2011] [citations omitted]; see Matter of Jaindl v Robert Green Chev-Olds, Inc., 106 AD3d 1417, 1417 [2013]; Matter of Hosler v Smallman, 106 AD3d 1218, 1219 [2013]). We will not conduct a piecemeal review of the issues presented in a nonfinal decision in workers’ compensation cases that will be reviewable upon an appeal of the Board’s final decision (see Matter of Ortiz v Martin Viette Nurseries, Inc., 82 AD3d at 1480; Matter of Carlineo v Snelling & Snelling, LLC, 73 AD3d 1247, 1248 [2010]). Accordingly, the appeals are dismissed.
Lahtinen, J.E, Stein and Garry, JJ., concur. Ordered that the appeals are dismissed, without costs.