## State of New York
## Supreme Court, Appellate Division
## Third Judicial Department

Decided and Entered: July 10, 2014         517732
_____

In the Matter of the Claim of
   DANIEL ZALDIVAR,
               Appellant,

     v

SNS ORGANIZATION et al.,            MEMORANDUM AND ORDER
               Respondents.

WORKERS' COMPENSATION BOARD,
               Respondent.
_____

Calendar Date: June 4, 2014

Before: Peters, P.J., Stein, Rose, Egan Jr. and Clark, JJ.

_____

     Law Office of Joseph A. Romano, New York City (Anthony Brooks-Morgese of counsel), for appellant.

     Malapero & Prisco LLP, New York City (David Allweiss of counsel), for SNS Organization and another, respondents.

_____

Rose, J.

     Appeal from a decision of the Workers' Compensation Board, filed January 15, 2013, which continued the case for further development of the record with regard to the terms of a proposed third-party settlement and the workers' compensation carrier's consent thereto.

     After injuring his back and leg during the course of his employment, claimant filed for workers' compensation benefits and also commenced a third-party action seeking to recover damages for his injuries. The workers' compensation claim was

established and claimant thereafter requested consent from the employer's workers' compensation carrier to settle the third-party claim.  In a series of letters, the carrier consented to the proposed settlement based on certain conditions.  When the carrier later learned, however, that a portion of the settlement was structured, it requested an investigation into the terms of the settlement prior to any determination that the conditions for consent had been satisfied.  A Workers' Compensation Law Judge directed claimant to provide proof that the conditions for consent had been met, particularly with respect to whether the settlement was structured.  Upon claimant's request for review, the Workers' Compensation Board affirmed and continued the matter "for development of the record regarding the terms of the proposed settlement and the carrier's consent to same."  Claimant now appeals, claiming, among other things, that the carrier consented to the settlement.

In order to avoid piecemeal review of workers' compensation cases, a Board decision that "is interlocutory in nature and does not dispose of all substantive issues nor reach legal threshold issues that may be determinative of the claim . . . is not the proper subject of an appeal" (Matter of Ogbuagu v Ngbadi, 61 AD3d 1198, 1199 [2009]; see Matter of Wilson v Roselli Moving & Stor. Corp., 37 AD3d 959, 959 [2007]; Matter of Sawyer v Orange Motors, 24 AD3d 1117, 1117 [2005]).  We decline to review the Board's decision inasmuch as it has directed further development of the record and claimant may appeal, if necessary, from the Board's final decision on the issue of whether the carrier consented to the settlement (see Matter of McClam v American Axle & Mfg., 79 AD3d 1315, 1316 [2010]; Matter of Rivers v Blue Ridge Farms, Inc., 36 AD3d 1132, 1133 [2007]; Matter of Harris v Grey Adv., 180 AD2d 879, 880 [1992]).

Peters, P.J., Stein, Egan Jr. and Clark, JJ., concur.

ORDERED that the appeal is dismissed, with costs.


ENTER:

Robert D. Mayberger
Clerk of the Court