Matter of DiPaola v McWane, Inc. (2019 NY Slip Op 04257)





Matter of DiPaola v McWane, Inc.


2019 NY Slip Op 04257


Decided on May 30, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 30, 2019

527653

[*1]In the Matter of the Claim of TRACY A. DiPAOLA, Claimant,
v
McWANE, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: May 1, 2019

Before: Egan Jr., J.P., Lynch, Devine, Aarons and Rumsey, JJ.


Gitto & Niefer, LLP, Binghamton (Jason M. Carlton of counsel), for appellants.



MEMORANDUM AND ORDER
Aarons, J.
Appeal from a decision of the Workers' Compensation Board, filed April 26, 2018, which ruled, among other things, that decedent's son was a full-time student during the applicable time period and therefore entitled to death benefits pursuant to Workers' Compensation Law § 16 (3-a).
In 2012, decedent sustained fatal injuries when he was crushed while repairing a hydraulic machine at work. Decedent and claimant, his ex-spouse, had three children, the youngest of which, as relevant here, was a minor and dependent (hereinafter the son) at the time of decedent's death. In January 2013, claimant filed a claim for compensation in a death case on behalf of the son. Following a hearing, a Workers' Compensation Law Judge (hereinafter the WCLJ) established the claim, found that decedent was survived by the son and awarded benefits, made payable to claimant. Upon the son's graduation from high school in 2016, he enrolled in college as a full-time student, and the WCLJ subsequently found that, as a result, he remained a dependent and continued the award of death benefits.
In August 2017, the self-insured employer and its third-party administrator (hereinafter collectively referred to as the employer) filed a request for further action seeking a suspension of benefits because the son was allegedly not enrolled as a full-time student during the spring 2017 semester. Following a hearing, the WCLJ found that the son had remained a full-time student and, therefore, a dependent and continued the award of benefits. The employer sought administrative review and filed a Subsequent Report of Injury Pending Appeal form informing that it was retroactively suspending payment of the son's benefits effective January 23, 2017, because he was not a full-time student during the spring 2017 semester, and seeking the recovery of alleged overpayment of benefits. In response, the son requested that the Board assess a penalty on the employer pursuant to Workers' Compensation Law § 25 (1) (e) for suspending its payment of benefits after September 11, 2017, which were not in dispute given the son's fall [*2]2017 status as a full-time student. Upon administrative review, the Workers' Compensation Board upheld the WCLJ's decision, finding that, although the son withdrew from a class during the spring 2017 semester and reduced his credit hours to nine, he reenrolled and successfully completed the course during the summer and therefore remained a full-time college student for purposes of receiving death benefits during the period in question pursuant to Workers' Compensation Law § 16 (3-a)[FN1]. In addition, the Board ordered that the case be "returned to the WCLJ for further development of the record on the issue of whether a penalty should be imposed against the . . . employer for failing to pay any installments of compensation within 25 days after the payments were due for any periods [that] the . . . employer was not disputing after September 5, 2017." The employer appeals.
We affirm. When determining a claim for death benefits when the deceased has no surviving spouse, Workers' Compensation Law § 16 (3-a) provides compensation if, among other circumstances, "there be a surviving child or children of the deceased under the age of eighteen years or under the age of twenty-three years if enrolled and attending as a full time student in an accredited educational institution and such enrollment and full time attendance is certified by such institution." The record reflects that, at the beginning of the spring 2017 academic semester, the son was enrolled as a full-time student taking 12 credit hours of college coursework. Approximately halfway through the spring semester, the son withdrew from a college algebra course because he was performing poorly in that course. Following the end of the spring 2017 semester, however, the son reenrolled in the same college algebra course and completed that course during the summer 2017 academic term. For the fall 2017 academic semester, there is no dispute that the son continued his academic study on a full-time basis. In our view, we find it significant that, although the son withdrew from his algebra course halfway through the spring semester, thus temporarily reducing his credit hours to nine, he began the spring semester as a full-time student and then reenrolled in the algebra course during the summer 2017 term before continuing his full-time coursework in the fall 2017 semester. Moreover, there is no record evidence indicating that he sought to leave school or otherwise abandoned his pursuit of a college education on a full-time basis. Accordingly, under the particular circumstances of this case, we find that substantial evidence supports the Board's determination that the son remained a full-time student during the applicable time period for purposes of receiving death benefits pursuant to Workers' Compensation Law § 16 (3-a) (compare Employer: Fiduciary Trust, 2006 WL 456656, *2, 2006 NY Wrk Comp LEXIS 1571, *4 [WCB No. 0014 7038, Feb. 22, 2006]).
Finally, we decline to review the employer's challenge to that part of the Board's decision as directed further development of the record on the issue of whether a penalty should be imposed pursuant to Workers' Compensation Law § 25 (1) (e) (see 12 NYCRR 300.13 [b] [2] [iii]). The employer may appeal, if necessary, from the Board's final decision on this interlocutory issue (cf. Matter of Zaldivar v SNS Org., 119 AD3d 1134, 1135 [2014]; Matter of Harris v Grey Adv., 180 AD2d 879, 880 [1992]). The employer's remaining contentions have been considered and are without merit.
Egan Jr., J.P., Lynch, Devine and Rumsey, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: The Board modified the WCLJ's decision to the extent that it indicated that death benefits were awarded pursuant to Workers' Compensation Law § 16 (2-a) — instead of Workers' Compensation Law § 16 (3-a) — and directed continuation of payments to the son rather than to claimant because he was no longer a minor.