■ In the Matter of the Claim of ROSE RAINONE, as Widow of PETER RAINONE, Deceased, Appellant, v 36TH STREET TERMINAL CORPORATION et al., Respondents. WORKERS' COMPENSATION BOARD, Respondent. [618 NYS2d 152] —Appeal from a decision of the Workers' Compensation Board, filed August 4, 1993, which ruled that an employer-employee relationship existed between decedent and Universal Maritime Service Corporation.

Claimant's decedent was a security guard employed by 36th Street Terminal Corporation (hereinafter 36th Street) working at a site operated by Universal Maritime Service Corporation (hereinafter Universal). The subject claim for benefits was brought after decedent was run over and killed by a forklift driven by one of Universal's employees. Following various proceedings, the Board ultimately decided that decedent was employed both by 36th Street as the general employer and by Universal as the special employer. Although claimant asserts

that the determination as to Universal is not supported by substantial evidence in the record, we cannot agree. Several factors, including evidence that 36th Street was owned by Universal, worked exclusively for Universal, and that all work equipment and assignments for 36th Street employees were provided and directed by Universal, sufficiently show the existence of an employment relationship under the circumstances.

Mikoll, J. P., Mercure, Crew III, White and Yesawich Jr., JJ., concur. Ordered that the decision is affirmed, without costs.