■ In the Matter of the Claim of MARIA CUEVAS, Respondent, v AMERICORPS et al., Respondents, and FUND FOR THE CITY OF NEW YORK, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [788 NYS2d 486]—

Spain, J. Appeal from a decision of the Workers' Compensation Board, filed July 7, 2003, which, inter alia, ruled that claimant's workers' compensation claim was not preempted by federal law.

The Red Hook Public Safety Corps is a joint project of the Fund for the City of New York, Inc. (hereinafter FCNY), the Kings County District Attorney's office and Victim Services organized and funded under the Federal Americorps program to accomplish community service work in and around the Red Hook neighborhood in Brooklyn. In 1997, claimant was hired through Victim Services to work three days a week in the Red Hook program. She was paid a bimonthly stipend by FCNY, amounting to $7,945 annually. After claimant injured her back and neck while doing community gardening for Red Hook in June 1997, she filed for workers' compensation benefits. An initial determination by a Workers' Compensation Law Judge that the claim was preempted by federal law ultimately was reversed by the Workers' Compensation Board, which determined that the claim was not preempted and that claimant was a general employee of FCNY and a special employee of Americorps, among others. FCNY and the respective carriers for FCNY and Americorps (hereinafter collectively referred to as the carriers) appeal, raising the sole issue that the claim is preempted by federal law.

"Congressional preemptive intent may be discerned in three ways: (1) expressly in the language of the [f]ederal statute; (2)

implicitly, when the [f]ederal legislation is so comprehensive in scope that it is inferable that Congress intended to fully occupy the 'field' of its subject matter; or (3) implicitly, when [s]tate law actually 'conflicts' with [f]ederal law" (*Drattel v Toyota Motor Corp.*, 92 NY2d 35, 42 [1998]). Here, the carriers argue that the Board's finding that claimant is an employee of FCNY and Americorps is expressly preempted by the plain language of 42 USC § 12511. That section, found in subchapter I, "National and Community Service State Grant Program," of chapter 129 of title 42, states that "[a] participant shall not be considered to be an employee of the program in which the participant is enrolled" (42 USC § 12511 [17] [B]). No dispute exists at this juncture that claimant was a "participant" in a "program" (Americorps) as defined under section 12511. The question remains, however, whether the quoted language mandates that claimant not be considered an employee of FCNY or Americorps for the purpose of determining state workers' compensation benefits.

Section 12511 begins with the prefatory language "[f]or the purposes of this subchapter" which, in our view, undermines the carriers' argument that its definitions were intended to apply beyond that statute to the Workers' Compensation Law. Inasmuch as the determination of employment status for a purpose other than eligibility for workers' compensation benefits—such as by the State or Federal Department of Labor for the purposes of unemployment insurance—is not binding on the Board (*see Matter of Stamoulis v Anorad Corp.*, 292 AD2d 657, 658 [2002], *lv denied* 98 NY2d 609 [2002]), we find no evidence of congressional intent to dictate the definition of employee for workers' compensation purposes by stating that Americorps participants are not employees within the context of the Federal National and Community Service State Grant Program. Indeed, at another point, the statute expressly contemplates that the states might treat program participants as employees for the purposes of workers' compensation by providing that federal assistance would cover 85% of "taxes imposed on an employer under a workmen's compensation act" (42 USC § 12594 [b]). Accordingly, we find that the Board did not err in determining that 42 USC § 12511 (17) (B) does not preempt claimant from obtaining workers' compensation benefits (*accord Anderson v Homeless & Housing COA*, 135 SW3d 405, 410, 411 [Ky 2004]).

We have considered the carriers' remaining contentions and find they lack merit.

Mercure, J.P., Peters and Rose, JJ., concur. Ordered that the decision is affirmed, without costs.