■ In the Matter of the Claim of WILLIAM E. FISHER, Respondent, v KJ TRANSPORTATION, Appellant, and GREAT AMERICAN INSURANCE COMPANY, Respondent. WORKERS' COMPENSATION BOARD, Respondent. [811 NYS2d 476]—

Lahtinen, J. Appeal from a decision of the Workers' Compensation Board, filed November 12, 2004, which ruled, inter alia, that an employer-employee relationship existed between claimant and KJ Transportation.

Claimant was hired as a tractor-trailer driver by KJ Transportation (hereinafter KJT) in August 2001. Shortly thereafter, KJT filed for protection under federal bankruptcy rules affecting its ability to obtain workers' compensation insurance. As a result, in January 2002, KJT entered into a written agreement with Omne Staffing, Inc. whereby KJT's employees purportedly became employees of Omne, which, in turn, secured the necessary workers' compensation insurance. Thereafter, in June 2002, claimant sustained a work-related back injury and submitted a claim for workers' compensation benefits. Following a hearing, the workers' compensation law judge established claimant's case and, among other things, ruled that an employer-employee relationship existed between claimant and KJT. That decision was upheld by the Workers' Compensation Board, prompting this appeal by KJT. We now affirm.

The evidence establishes that KJT maintained control over claimant's work, provided claimant with the necessary equipment and was listed as the payor on claimant's paychecks, providing substantial evidence of an employer-employee relationship (*see Matter of Stamoulis v Anorad Corp.*, 292 AD2d 657, 657-658 [2002], *lv denied* 98 NY2d 609 [2002]). The written agreement between KJT and Omne, designed to effectuate workers' compensation insurance coverage, was never disclosed to claimant or any of his fellow truck drivers and, despite its provisions to the contrary, did nothing to actually alter the employer-employee relationship between KJT and claimant (*see Matter of Pilku v 24535 Owners Corp.*, 19 AD3d 722, 724 [2005]).

Cardona, P.J., Spain, Carpinello and Mugglin, JJ., concur. Ordered that the decision is affirmed, without costs.