■ In the Matter of the Claim of TERRY QUAGLIATA, Respondent, v STARBUCKS COFFEE et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent. [918 NYS2d 629]—

Rose, J.P.

Claimant, a coffee shop manager, applied for workers' compensation benefits alleging a repetitive occupational injury to his neck and arms. The employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) controverted the claim and, thereafter, submitted an untimely

prehearing conference statement in violation of 12 NYCRR 300.38 (f) (1). As a result, the Workers' Compensation Law Judge (hereinafter WCLJ) found that the employer waived all defenses to the claim pursuant to 12 NYCRR 300.38 (f) (4) and, upon review of claimant's medical records, established an occupational injury to his neck and both arms. The Workers' Compensation Board affirmed, and these appeals ensued.*

Initially, we are unpersuaded by the employer's contention that the regulation imposing a waiver of defenses for failure to timely file a prehearing conference statement conflicts with Workers' Compensation Law § 25. The Board is authorized to adopt regulations to carry out the provisions of the Workers' Compensation Law (see Workers' Compensation Law § 25 [8]; § 117 [1]), and we will uphold a regulation " 'if it has a rational basis and is not unreasonable, arbitrary, capricious or contrary to the statute under which it [is] promulgated' " (*Matter of Estate of Lutz v Lakeside Beikirk Nursing Home*, 301 AD2d 688, 691 [2003], *lv dismissed* 99 NY2d 651 [2003], quoting *Kuppersmith v Dowling*, 93 NY2d 90, 96 [1999]). Workers' Compensation Law § 25 (2-a) (d) requires that a prehearing conference statement be filed no later than 10 days before the conference. In our view, the challenged regulation, which provides for the waiver of defenses for the unexcused filing of an untimely statement (see 12 NYCRR 300.38 [f] [4]), is not in conflict with the statute. Rather, it facilitates the stated purpose of a conference which is, among other things, to simplify and limit factual and legal issues (see Workers' Compensation Law § 25 [2-a] [b] [iii]). It also supplements the purpose of the conference and promotes the overall statutory framework designed to provide speedy redress to injured workers (see *Crosby v State of N.Y., Workers' Compensation Bd.*, 57 NY2d 305, 313 [1982]; *Matter of Smith v Albany County Sheriff's Dept.*, 82 AD3d 1334 [2011] [decided herewith]). Furthermore, the employer has not demonstrated how this regulation impinged on its due process rights.

Finally, contrary to the employer's contention, the record was sufficiently developed through the submission of claimant's medical records and other documents to provide substantial evidence supporting the establishment of the workers' compensation claim as well as the date of disablement (see *Matter of Guifarro v Zalman, Reiss & Assoc.*, 52 AD3d 1126, 1127-1128 [2008]).

Kavanagh, McCarthy and Egan Jr., JJ., concur. Ordered that

---

* To the extent that the employer appeals from the WCLJ's decision, we note that it must be dismissed inasmuch as no direct appeal to this Court lies from a decision of a WCLJ (see Workers' Compensation Law § 23).

the appeal from the decision filed June 25, 2009 is dismissed, without costs. Ordered that the decision filed November 10, 2009 is affirmed, without costs.