*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  March 5, 2015                    517372
_____

In the Matter of the Claim of
    PAUL SCHWENGER,
                        Appellant,

        v
                                        MEMORANDUM AND ORDER
NYU SCHOOL OF MEDICINE et al.,
                        Respondents.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____

Calendar Date:   January 12, 2015

Before:  McCarthy, J.P., Lynch, Devine and Clark, JJ.

                    _____

        Hinman, Howard & Kattell, LLP, Binghamton (Gary C. Tyler of
counsel), for appellant.

        Jones Jones LLC, New York City (David Secemski of counsel),
for NYU School of Medicine and another, respondents.

                    _____

Clark, J.

        Appeal from an amended decision of the Workers'
Compensation Board, filed March 28, 2013, which ruled that an
employer-employee relationship existed between claimant and NYU
School of Medicine.

        Claimant obtained his doctorate in 1998, after which he
performed laboratory research at NYU School of Medicine
(hereinafter NYU) as a postdoctoral fellow.  From June 2000 to
June 2001, his salary was funded by a federal grant known as the
Ruth L. Kischtein National Research Service Award, which is

administered through the National Institutes of Health (hereinafter NIH) (see 42 USC §§ 282 [b] [11]; 288).  In October 2000, claimant was allegedly exposed to piggyback herpes virus while working and became ill.

As a result of the exposure, claimant commenced an action in Supreme Court against NYU and related entities.  The defendants in that case moved for summary judgment, arguing that claimant was NYU's employee at the time of the accident and that his exclusive remedy was workers' compensation benefits (see Workers' Compensation Law § 29).  Supreme Court found that the existence of an employer-employee relationship was a question of fact for the Workers' Compensation Board to resolve and, among other things, stayed all proceedings in the civil action and directed the parties to obtain a ruling on that issue from the Board.  The Board ultimately determined, in an amended decision, that claimant was an employee of NYU.  Claimant now appeals.

Preliminarily, because the Board's decision relates solely to the issue of employer-employee relationship, the present appeal would ordinarily be dismissed as being from an interlocutory decision (see Matter of Ogbuagu v Ngbadi, 61 AD3d 1198, 1199 [2009]; Matter of Malkin v Love Taxi, 299 AD2d 681, 682 [2002]).  The rule barring appeals from such decisions reflects "our policy to discourage piecemeal review of the main issues in a compensation claim for the purpose of preventing purely dilatory appeals, [but] that policy should not be applied in such a manner as to preclude . . . the prompt review of threshold legal issues which may be dispositive of a claim against one or more parties" (Matter of McDowell v LaVoy, 59 AD2d 995, 995 [1977]).  Claimant here did not apply for workers' compensation benefits and, indeed, the Board was only asked to answer the question of whether the Workers' Compensation Law applied to claimant because it served as a "jurisdictional predicate to [claimant's] civil action" (Liss v Trans Auto Sys., 68 NY2d 15, 21 [1986]).  Inasmuch as a threshold legal issue is presented for our review under these circumstances, the Board's decision is properly before us (see Matter of McDowell v LaVoy, 59 AD2d at 995).

Turning to the merits, we affirm.  Contrary to claimant's assertion, the Board was not preempted by federal law from exercising jurisdiction over him.  The requisite congressional intent to preempt "may be discerned in three ways: (1) expressly in the language of the [f]ederal statute; (2) implicitly, when the [f]ederal legislation is so comprehensive in scope that it is inferable that Congress intended to fully occupy the 'field' of its subject matter; or (3) implicitly, when [s]tate law actually 'conflicts' with [f]ederal law" (Drattel v Toyota Motor Corp., 92 NY2d 35, 42 [1998], quoting Guice v Charles Schwab & Co., 89 NY2d 31, 39 [1996], cert denied 520 US 1118 [1997]; accord Matter of Amoah v Mallah Mgt., LLC, 57 AD3d 29, 31 [2008]; Matter of Cuevas v Americorps, 14 AD3d 911, 911-912 [2005]).  Notably, absent clear evidence to the contrary, it is presumed that Congress did not intend to preempt state law in areas where states have traditionally exercised their police powers, such as workers' compensation (see DeCanas v Bica, 424 US 351, 357-358 [1976]; Matter of Amoah v Mallah Mgt., LLC, 57 AD3d at 32).

Here, there is neither an explicit nor an implicit indication in any federal statute or regulation that Congress intended to preempt state workers' compensation law.  Claimant instead argues that an intent to preempt may be found in a "program announcement" circulated by NIH, which states that individuals "supported under the [grant program] are not considered to be in an employee-employer relationship with the NIH or the awardee institution," and that said institution could not apply grant funds toward its workers' compensation expenses.  Those statements are made in the context of explaining the tax liability of individuals receiving grant monies, however, and NIH makes clear that "[t]he taxability of stipends . . . in no way alters the relationship between [those individuals] and institutions."  NIH further makes clear that, notwithstanding the guidance provided, it "takes no position on the status of a particular taxpayer."  Accordingly, assuming that the informally promulgated announcement could have preemptive effect (but see Fellner v Tri-Union Seafoods, LLC, 539 F3d 237, 245-246 [3d Cir 2008], cert denied 556 US 1182 [2009]), its language does not "even arguably justif[y] the pre-emption of state" workers' compensation law (Altria Group, Inc. v Good, 555 US 70, 90 [2008]; see Matter of Cuevas v Americorps, 14 AD3d at 912).

        Claimant additionally argues that the Board's factual
determination that an employer-employee relationship existed is
not supported by substantial evidence in the record (see Matter
of Hasbrouck v Harloff, 122 AD3d 1014, 1014 [2014]).  "In making
such a determination, factors to be considered include control
over the claimant's work, method of payment, right to discharge,
furnishing of equipment and relative nature of the work" (Matter
of Malave v Beef & Bourbon, LLC, 114 AD3d 1006, 1007 [2014]
[citations omitted]; see Matter of Jennings v Avanti Express,
Inc., 91 AD3d 999, 999-1000 [2012]).

        Claimant here worked in an NYU laboratory that was overseen
by an NYU professor, Jan Vilcek, and claimant used equipment
provided in part by NYU.  Vilcek served as claimant's mentor and
supervisor, and testified that he required claimant to work at
the laboratory for a set number of hours, exercised broad control
over the direction of claimant's research, and had the authority
to discipline and fire claimant.  NYU was further listed as the
payor on claimant's paychecks and provided him with vacation,
sick leave and health insurance.  Claimant points out that his
salary and benefits were funded by federal grant money, but he
remained obliged to work at NYU and, in any case, the source of
the monies used to pay him is not determinative (see Matter of
Fisher v KJ Transp., 27 AD3d 934, 935 [2006]; see also Matter of
Siepierski v New York State & Local Retirement Sys., 46 AD3d
1316, 1318 [2007]).  Notwithstanding the presence of proof that
could support a different result, we find that the foregoing
constitutes substantial evidence to uphold the Board's
determination that claimant was an employee of NYU (see Matter of
Jara v SMJ Envtl., Inc., 55 AD3d 1157, 1158 [2008]; Matter of
Fisher v KJ Transp., 27 AD3d at 935; Matter of LaCelle v New York
Conference of Seventh-Day Adventists, 235 AD2d 694, 694-695
[1997], lv dismissed 89 NY2d 1085 [1997], lv denied 96 NY2d 713
[2001]).

        McCarthy, J.P., Lynch and Devine, JJ., concur.

ORDERED that the amended decision is affirmed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court