*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  April 9, 2015                    518917
_____

In the Matter of the Claim of
    MARIA BELLANTONI,
                        Respondent,

        v

CITY OF NEW YORK SCHOOL FOOD          MEMORANDUM AND ORDER
    AND NUTRITION SERVICES,
                        Appellant.

WORKERS' COMPENSATION BOARD,
                        Respondent.
_____


Calendar Date:   February 18, 2015

Before:  Peters, P.J., Lahtinen, Garry and Lynch, JJ.

                    _____


        Zachary W. Carter, Corporation Counsel, New York City
(Andrew Tran of counsel), for appellant.

        Grey & Grey, LLP, Farmingdale (Kevin Plant of counsel), for
Maria Bellantoni, respondent.

        Eric T. Schneiderman, Attorney General, New York City (Iris
A. Steel of counsel), for Workers' Compensation Board,
respondent.

                    _____


Lynch, J.

        Appeal from a decision of the Workers' Compensation Board,
filed July 22, 2013, which ruled that the employer waived the
right to raise the defense that claimant provided untimely notice
of her injury.

Claimant applied for workers' compensation benefits in 2011, alleging that she suffered a work-related injury to her shoulder in 2009.  The employer controverted the claim, but neither filed a timely prehearing conference statement as required by Workers' Compensation Law § 25 (2-a) (d) nor an affidavit demonstrating due diligence and good cause for the delay (see also 12 NYCRR 300.38 [f] [1]).  As a result, the Workers' Compensation Board ultimately determined that the employer waived its defenses to the claim pursuant to 12 NYCRR 300.38 (f) (4) (see Matter of Quagliata v Starbucks Coffee, 82 AD3d 1321, 1322 [2011], lv denied 17 NY3d 703 [2011]; Matter of Smith v Albany County Sheriff's Dept., 82 AD3d 1334, 1335 [2011], lv denied 17 NY3d 770 [2011]).  The employer now appeals.

"Inasmuch as the Board's decision was interlocutory and did not dispose of all of the substantive issues or reach a potentially dispositive threshold legal issue, it is not appealable" (Matter of Lewis v Stewart's Mktg. Corp., 122 AD3d 1048, 1049 [2014] [internal quotation marks and citations omitted]; see Matter of Zaldivar v SNS Org., 119 AD3d 1134, 1135 [2014]).  We decline to review the Board's decision here, as it continued the case for a determination by a Workers' Compensation Law Judge as to whether claimant has presented sufficient evidence to establish a claim, and the employer may appeal, if necessary, from the Board's final decision on this issue (see Matter of Ortiz v Martin Viette Nurseries, Inc., 82 AD3d 1480, 1480-1481 [2011]; Matter of Ogbuagu v Ngbadi, 61 AD3d 1198, 1199 [2009]).  Accordingly, the appeal is dismissed.

Peters, P.J., Lahtinen and Garry, JJ., concur.

ORDERED that the appeal is dismissed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court