*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  January 5, 2017          523001
_____

In the Matter of the Claim of
    JASON COVERT,
                    Claimant,

        v
                                        MEMORANDUM AND ORDER

NIAGARA COUNTY et al.,
                    Appellants.

WORKER'S COMPENSATION BOARD,
                    Respondent.
_____


Calendar Date:  November 16, 2016

Before:  Egan Jr., J.P., Lynch, Rose, Clark and Aarons, JJ.

_____


        Law Office of Melissa A. Day, PLLC, Amherst (James B.
Cousins of counsel), for appellants.

        Eric T. Schneiderman, Attorney General, New York City
(Steven Segall of counsel), for respondent.

_____


Lynch, J.

        Appeal from a decision of the Workers' Compensation Board,
filed July 6, 2015, which ruled, among other things, that certain
payments made to claimant constituted wages under the Workers'
Compensation Law.

        Claimant, who was a public assistance recipient, filed a
claim for workers' compensation benefits after he suffered an
injury while assigned to work for Niagara County as part of a
work experience program (see Social Services Law art 5).
Following a hearing in September 2011, a Workers' Compensation

Law Judge (hereinafter WCLJ) established the claim for a work-related injury and determined claimant's average weekly wage to be $124.62, an amount derived from the benefits that he was receiving. The claim was kept open for further medical evidence as to permanency and schedule loss of use. Although claimant did not return to work, he was not paid a benefit for lost wages because he was receiving his regular public assistance benefit. In August 2013, claimant's public assistance benefit was suspended and he sought to reopen his claim for lost wage benefits. In a February 2014 decision, the WCLJ held claimant's request for a lost time award in abeyance and directed the County to produce medical evidence of permanency and schedule loss of use. During the pendency of the County's subsequent request for Workers' Compensation Board review of this determination, a WCLJ determined that there was insufficient medical evidence to support an award. In July 2015, the Board affirmed the February 2014 decision, finding, in part, that the payments made to claimant pursuant to the work experience program were "wages" pursuant to the Workers' Compensation Law (see Workers' Compensation Law § 2 [9]). The County and its third-party administrator now appeal from the Board's decision.

In general, "'piecemeal review of issues in workers' compensation cases should be avoided'" (Matter of Ogbuagu v Ngbadi, 61 AD3d 1198, 1199 [2009], quoting Matter of Sawyer v Orange Motors, 24 AD3d 1117, 1117-1118 [2005]; see Matter of DePascale v Magazine Distribs., Inc., 116 AD3d 1100, 1101 [2014]). Where, as here, a Board decision is "interlocutory in nature and do[es] not dispose of all of the substantive issues or reach a potentially dispositive threshold legal question[, it is] not appealable" (Matter of Santiago v NY Operators, 139 AD3d 1308, 1309 [2016]; see Matter of Malkin v Love Taxi, 299 AD2d 681, 682 [2002]; compare Matter of Schwenger v NYU Sch. of Medicine, 126 AD3d 1056, 1056 [2015], lv dismissed 26 NY3d 962 [2015]). Here, the Board did not award claimant a wage replacement benefit but, instead, deferred resolution of the claim pending the submission of additional information. Plainly, the County can seek review of the issues presented if and when the Board issues a final determination awarding the claimant wage replacement benefits (see Matter of Bellantoni v City of N.Y. Sch. Food & Nutrition Servs., 127 AD3d 1350, 1350 [2015]; Matter

of DePascale v Magazine Distribs., Inc., 116 AD3d at 1100; Matter of McClam v American Axle & Mfg., 79 AD3d 1315, 1316 [2010]).  It follows that this interlocutory appeal should be dismissed.

Egan Jr., J.P., Rose, Clark and Aarons, JJ., concur.

ORDERED that the appeal is dismissed, without costs.

ENTER:

Robert D. Mayberger
Clerk of the Court