Rumsey, J.
 

 Appeal from a decision of the Workers’ Compensation Appeal Board filed June 6, 2016, which directed claimant to produce certain prima facie medical evidence.
 

 On September 9, 2015, Richard Bucci (hereinafter decedent), a main resident engineer, was sitting on a subway train when he encountered difficulty breathing, lost consciousness and died. Decedent’s subsequent death certificate indicated that he died of natural causes and that traumatic injury or poisoning did not cause his death. The self-insured employer filed a report of injury denying responsibility on the grounds that, among other things, the presumption of compensability did not apply because decedent was not working at the time that he died, but was riding the train while en route to work, and, alternatively, that there was no medical evidence of a causally-related death. Thereafter, claimant, decedent’s brother, filed a claim for workers’ compensation death benefits, alleging that decedent’s death arose out of and in the course of his employment. Following a hearing, a Workers’ Compensation Law Judge directed claimant’s representative to produce proof of, among other things, prima facie medical evidence of a causally-related injury. Upon administrative review, the Workers’ Compensation Board found that it was proper to direct claimant to produce prima facie medical evidence, given that there was no record evidence indicating that decedent died while in the course of his employment and that application of the presumption of compensability was therefore premature. Claimant now appeals.
 

 “In general, piecemeal review of issues in workers’ compensation cases should be avoided” (Matter of Covert v Niagara County, 146 AD3d 1065, 1066 [2017]; see Matter of DePascale v Magazine Distribs., Inc., 116 AD3d 1100, 1101 [2014]; Matter of Ogbuagu v Ngbadi, 61 AD3d 1198, 1199 [2009]). Here, claimant failed to appear at the hearing and did not provide any testimony or documentary evidence in support of his allegation that decedent died while in the course of his employment, prompting the Board to defer resolution of the applicability of the Workers’ Compensation Law § 21 (1) presumption pending submission of additional information by claimant. We therefore decline to review the Board’s decision inasmuch as it directed further development of the record, was interlocutory and did not dispose of the substantive issue or reach a potentially dis-positive threshold legal issue (see Matter of Lewis v Stewart’s Mktg. Corp., 122 AD3d 1048, 1049 [2014]; Matter of Zaldivar v SNS Org., 119 AD3d 1134, 1135 [2014]; Matter of Fetter v Verizon, 94 AD3d 1277, 1278 [2012]). As the nonfinal decision now before us is reviewable upon an appeal from the Board’s final decision, this appeal must be dismissed.
 

 Peters, P.J., McCarthy, Rose and Mulvey, JJ., concur.
 

 Ordered that the appeal is dismissed, without costs.