Matter of Estate of James Yoo v Rockwell Compounding Assoc., Inc. (2018 NY Slip Op 00878)





Matter of Estate of James Yoo v Rockwell Compounding Assoc., Inc.


2018 NY Slip Op 00878


Decided on February 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 8, 2018

525330

[*1]In the Matter of the Claim of ESTATE OF JAMES YOO, Appellant,
v
ROCKWELL COMPOUNDING ASSOCIATES, INC., et al., Respondents. WORKERS COMPENSATION BOARD, Respondent.

Calendar Date: January 11, 2018

Before: Garry, P.J., Egan Jr., Lynch, Devine and Clark, JJ.


David de Andrade, New York City, and Law Office of Michael D. Uysal, PLLC, New York City, for appellant.
Catalano, Gallardo & Petropoulos, LLP, Jericho (Matthew K. Flanagan of counsel), for Rockwell Compounding Associates, Inc., respondent.
Stewart, Greenblatt, Manning & Baez, Syosset (Robert W. Manning of counsel), for Twin City Fire Insurance Company, respondent.


Garry, P.J.

MEMORANDUM AND ORDER
Appeal from a decision of the Workers' Compensation Board, filed October 7, 2016, which ruled that an employer-employee relationship existed between decedent and Rockwell Compounding Associates, Inc.

On February 7, 2013, James Yoo (hereinafter decedent), a doctor of pharmacy student at St. John's University who had been participating in an externship program on the premises of Rockwell Compounding Associates, Inc., was found unconscious on a laboratory floor in close proximity to various chemicals with which he had been working. Decedent was taken to a hospital, where he died on February 13, 2013 as a result of fentanyl intoxication that had occurred on the day of his collapse in the Rockwell laboratory. Thereafter, decedent's mother, Song Cha Yoo, commenced an action in Supreme Court against Rockwell and related entities, seeking damages on the basis that decedent was negligently exposed to certain chemicals that resulted in his death. Rockwell moved to dismiss the complaint for lack of subject matter jurisdiction and argued, in the alternative, that the exclusive remedy available to plaintiff was [*2]workers' compensation benefits. Supreme Court denied the motion insofar as it sought dismissal of the action, but granted that portion of Rockwell's motion requesting that the matter be referred to the Workers' Compensation Board because the existence of an employer-employee relationship was a question of fact for the Board to resolve [FN1]. Supreme Court directed the parties to obtain a ruling on that issue from the Board, and the Board ultimately determined that decedent was an employee of Rockwell and ordered the case to continue to address all outstanding issues. Claimant, the estate of decedent, appeals.
"'In general, piecemeal review of issues in workers' compensation cases should be avoided'" (Matter of Bucci v New York City Tr. Auth., 154 AD3d 1046, 1047 [2017], quoting Matter of Covert v Niagara County, 146 AD3d 1065, 1066 [2017]; see Matter of Ogbuagu v Ngbadi, 61 AD3d 1198, 1199 [2009]). Where "a Board decision is interlocutory in nature and does not dispose of all of the substantive issues or reach a potentially dispositive threshold legal question, it is not appealable" (Matter of Covert v Niagara County, 146 AD3d at 1066 [internal quotation marks, brackets and citation omitted]; see Matter of Bellantoni v City of N.Y. Sch. Food & Nutrition Servs., 127 AD3d 1350, 1350 [2015]). Where, as here, a claim for workers' compensation death benefits has been filed, the Board's determination of whether an employer-employee relationship exists does not create a threshold legal issue so as to permit review by this Court prior to the Board's final decision of the claim for death benefits (see Matter of Dow v Silver Constr. Corp., 83 AD3d 1270, 1270-1271 [2011]; Matter of Ogbuagu v Ngbadi, 61 AD3d at 1199; Matter of Malkin v Love Taxi, 299 AD2d 681, 682 [2002]; compare Matter of Schwenger v NYU Sch. of Medicine, 126 AD3d 1056, 1057 [2015], lv dismissed 26 NY3d 962 [2015]). Accordingly, as the Board's nonfinal decision is more appropriately reviewed upon an appeal from the Board's final decision of the claim, the instant appeal is dismissed (see Matter of Bucci v New York City Tr. Auth., 154 AD3d at 1047; Matter of Ogbuagu v Ngbadi, 61 AD3d at 1199; compare Matter of Rainone v 36th St. Term. Corp., 209 AD2d 814, 814-815 [1994]).
Egan Jr., Lynch, Devine and Clark, JJ., concur.
ORDERED that the appeal is dismissed, without costs.



Footnotes

Footnote 1: The record reflects that, at the time Supreme Court referred the matter to the Board, a death benefits claim had already been filed by decedent's estate and that a case had been assembled by the Board.