Matter of O'Connor v SKF USA, Inc. (2018 NY Slip Op 03885)





Matter of O'Connor v SKF USA, Inc.


2018 NY Slip Op 03885


Decided on May 31, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 31, 2018

525652

[*1]In the Matter of the Claim of TIMOTHY M. O'CONNOR, Respondent,
v
SKF USA, INC., et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: April 27, 2018

Before: McCarthy, J.P., Egan Jr., Devine, Mulvey and Rumsey, JJ.


The Law Offices of Melissa A. Day, PLLC, Amherst (James B. Cousins of counsel), for appellants.
Lewis & Lewis, PC, Jamestown (George Panebianco of counsel), for Timothy M. O'Connor, respondent.
Barbara D. Underwood, Attorney General, New York City (Nina M. Sas of counsel), for Workers' Compensation Board, respondent.


Rumsey, J.

MEMORANDUM AND ORDER
Appeal from a decision of the Workers' Compensation Board, filed December 13, 2016, which denied the motion by the employer and its workers' compensation carrier to preclude claimant's medical report.
In July 2016, claimant, a heat treat operator, filed an application for workers' compensation benefits alleging that he suffered hearing loss due to repetitive noise exposure at work. In support of his claim, claimant submitted the medical narrative report of Sayeed Nabi, an otolaryngologist, who diagnosed claimant with a 4.06% binaural hearing loss causally-related to his employment. The employer and its workers' compensation carrier (hereinafter collectively referred to as the employer) controverted the claim and, at the prehearing conference, asserted that Nabi was an independent medical examiner, not an attending physician, and, as such, the failure to comply with the requisite statutory and regulatory requirements of submitting an independent medical report warranted its preclusion. A Workers' Compensation Law Judge rejected the employer's contention and found that there was sufficient medical evidence for the [*2]claim to proceed. The Workers' Compensation Board affirmed. This appeal by the employer ensued.
Contrary to the employer's contention, we find that the Board's decision "is interlocutory in nature and does not dispose of all the substantive issues nor reach legal threshold issues which may be determinative of the claim" (Matter of Ortiz v Martin Viette Nurseries, Inc., 82 AD3d 1480, 1480 [2011]). We also note that a determination regarding the admissibility of prima facie medical evidence is interlocutory and should not be appealed until the claim is finally decided by the Board (see 12 NYCRR 300.38 [g] [3] [i]; Martin Minkowitz, Practice Commentaries, McKinney's Cons Laws of NY, Book 64, Workers' Compensation Law § 23 at 446). To consider whether evidence was properly admissible would amount to a piecemeal review of the workers' compensation case, which should be avoided (see Matter of Bucci v New York City Tr. Auth., 154 AD3d 1046, 1047 [2017]; Matter of Jaindl v Robert Green Chev-Olds, Inc., 106 AD3d 1417, 1417 [2013]). Because the nonfinal decision is reviewable upon an appeal from the Board's final decision, the appeal must be dismissed (see Matter of Bucci v New York City Tr. Auth., 154 AD3d at 1047; Matter of Ortiz v Martin Viette Nurseries, Inc., 82 AD3d at 1480-1481).
McCarthy, J.P., Egan Jr., Devine and Mulvey, JJ., concur.
ORDERED that the appeal is dismissed, without costs.