Matter of Garner v Christian Contrs., Inc. (2018 NY Slip Op 03884)





Matter of Garner v Christian Contrs., Inc.


2018 NY Slip Op 03884


Decided on May 31, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 31, 2018

525637

[*1]In the Matter of the Claim of MARK GARNER, Respondent,
v
CHRISTIAN CONTRACTORS, INC., Appellant. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: April 30, 2018

Before: McCarthy, J.P., Lynch, Devine, Clark and Pritzker, JJ.


Tully Rinckey, PLLC, Albany (Graig F. Zappia of counsel), for appellant.
Martin, Harding & Mazzotti, LLP, Albany (Crystle A. Watts of counsel), for Mark Garner, respondent.
Barbara D. Underwood, Attorney General, New York City (Marjorie S. Leff of counsel), for Workers' Compensation Board, respondent.


Lynch, J.

MEMORANDUM AND ORDER
Appeal from a decision of the Workers' Compensation Board, filed March 8, 2017, which ruled that claimant was an employee of Christian Contractors, Inc.
Claimant, a carpenter, filed an amended claim for workers' compensation benefits asserting that he had sustained injuries on
December 9, 2015 while working for Christian Contractors, Inc. Following a hearing, a Workers' Compensation Law Judge disallowed the claim, finding that claimant was an independent contractor and not an employee. Upon review, the Workers' Compensation Board reversed, finding that claimant had an employer-employee relationship with Christian Contractors, Inc. The Board restored the case to the calender for further development of the record on the remaining issues. Christian Contractors, Inc. appealed.
As a general rule, "piecemeal review of issues in workers' compensation cases should be avoided" (Matter of Bucci v New York City Tr. Auth., 154 AD3d 1046, 1047 [2017] [internal quotation marks and citation omitted]; see Matter of Covert v Niagara County, 146 AD3d 1065, [*2]1066 [2017]). Where "a Board decision is interlocutory in nature and does not dispose of all of the substantive issues or reach a potentially dispositive threshold legal question, it is not appealable" (Matter of Covert v Niagara County, 146 AD3d at 1066 [internal quotation marks, brackets and citation omitted]; see Matter of Bellantoni v City of N.Y. Sch. Food & Nutrition Servs., 127 AD3d 1350, 1350 [2015]). Here, claimant filed a claim for workers' compensation benefits and "the Board's determination of whether an employee-employer relationship exists does not create a threshold legal issue so as to permit review by the Court prior to the Board's final decision of the claim" (Matter of Estate of Yoo v Rockwell Compounding Assoc., Inc., 158 AD3d 921, 922 [2018]; see Matter of Ogbuagu v Ngbadi, 61 AD3d 1198, 1199 [2009]; compare Matter of Schwenger v NYU Sch. of Medicine, 126 AD3d 1056, 1057 [2015], lv dismissed 26 NY3d 962 [2015]). As the Board's nonfinal, interlocutory decision is reviewable on an appeal of the Board's final decision on the claim, the instant appeal is dismissed (see Matter of the Estate of Yoo v Rockwell Compounding Assoc., Inc., 158 AD3d at 922; Matter of Covert v Niagara County, 146 AD3d at 1066; Matter of Ogbuagu v Ngbadi, 61 AD3d at 1199; Matter of Karam v Executive Charge/Love Taxi, 284 AD2d 599, 599 [2001]).
McCarthy, J.P., Devine, Clark and Pritzker, JJ., concur.
ORDERED that the appeal is dismissed, without costs.