Matter of Cerobski v Structural Preserv. Sys. (2019 NY Slip Op 00338)





Matter of Cerobski v Structural Preserv. Sys.


2019 NY Slip Op 00338


Decided on January 17, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 17, 2019

526402

[*1]In the Matter of the Claim of MAREK CEROBSKI, Claimant,
v
STRUCTURAL PRESERVATION SYSTEMS et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: December 13, 2018

Before: Garry, P.J., Egan Jr., Devine, Aarons and Pritzker, JJ.


Wilson Elser Moskowitz Edelman & Dicker LLP, New York City (Jeremy M. Buchalski of counsel), for appellants.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for respondent.



MEMORANDUM AND ORDER
Garry, P.J.
Appeal from a decision of the Workers' Compensation Board, filed May 22, 2017, which ruled, among other things, that Workers' Compensation Law § 114-a does not apply to claimant's claims.
Claimant, a bricklayer, filed a claim for compensation in July 2015 asserting that he was hit by a cart on June 28, 2015, causing injuries to his right leg and back. The employer and its workers' compensation carrier (hereinafter collectively referred to as the carrier) failed to file the required prehearing conference statement (see 12 NYCRR 300.38 [f] [4]) and, at the subsequent hearing, raised only the issue of causal relationship. Two Workers' Compensation Law Judge (hereinafter WCLJ) decisions were issued thereafter. Upon the carrier's application for review, by decision filed May 17, 2016, the Workers' Compensation Board affirmed both WCLJ decisions finding that the carrier was precluded from producing defenses due to its failure to file a prehearing conference statement, establishing the claim for work-related injuries to claimant's back, left hip and right knee, and authorizing awards and treatment. The Board further declined to consider the carrier's assertion, first raised in the application for review, that claimant had committed fraud in filing his claim within the meaning of Workers' Compensation Law § 114-a (1). The Board noted that, despite the carrier's failure to show why it had not produced the evidence of fraud earlier, "[t]he carrier remains free to request litigation of this issue and provide good cause as to why it failed to produce this allegation in a timely manner."
At a subsequent appearance regarding the carrier's late award payments, the carrier again raised the issue of fraud. Claimant objected, arguing that the Board's May 2016 decision [*2]required the carrier to make a showing why it had not raised this allegation and produced its evidence at the earlier hearings, and that the carrier was improperly attempting to relitigate established issues of accident and notice. The WCLJ found that the fraud claim had not been waived and, by decision filed October 3, 2016, continued the matter for a hearing on this and another related established claim [FN1] at which testimony was taken on the merits of the fraud allegation. The WCLJ thereafter issued a decision in both claims, filed on February 8, 2017, finding that claimant had violated Workers' Compensation Law § 114-a (1), and disqualified him from future medical and past monetary benefits.
Upon claimant's application for review, the Board reversed the WCLJ's February 2017 decision, by decision filed May 22, 2017, finding that the issues of accident and notice had been finally determined in its May 2016 decision, and that the carrier had thus been precluded from introducing evidence on those issues. Further, the Board held that the carrier had failed to make a sufficient offer of proof why it had not timely produced witnesses to testify as to its fraud claim [FN2]. As to the second claim, the Board held that the carrier had not timely raised the issue of fraud and that there was no support for the finding of fraud and, thus, modified the WCLJ's October 3, 2016 decision to that extent. The carrier appeals.
We affirm. Workers' Compensation Law § 25 (2-a) (d) requires, as relevant here, that 10 days prior to the conference, a prehearing conference statement be filed listing the proposed witnesses and specific issues in dispute. The statement requires "an offer of proof for each defense raised" (12 NYCRR 300.38 [f] [2] [iii]). "Failure by the insurance carrier to timely serve upon all other parties and file with the Board the prehearing conference statement . . . shall result in a waiver of defenses to the claim; failure to list a witness on . . . the prehearing conference statement, which the . . . carrier had in its possession or could reasonably have obtained, shall constitute a waiver of the right to call such witness" (12 NYCRR 300.38 [f] [4]; see Matter of Love v Village of Pleasantville, 161 AD3d 1477, 1478 [2018], lv dismissed 32 NY3d 1079 [2018]). Workers' Compensation Law § 25 (2-a) and its implementing regulation (see 12 NYCRR 300.38 [f] [4]) "facilitate[] the stated purpose of a [prehearing] conference[,] which is, among other things, to simplify and limit factual and legal issues" and, to that end, the required prehearing conference statement "supplements the purpose of the conference and promotes the overall statutory framework designed to provide speedy redress to injured workers" (Matter of Quagliata v Starbucks Coffee, 82 AD3d 1321, 1322 [2011], lv denied 17 NY3d 703 [2011]).
It is undisputed that the carrier failed to timely file a prehearing conference statement. The carrier was thus properly precluded from raising any defenses, including its fraud claim raised for the first time in its untimely application for review. Although the Board had recognized in its earlier decision that the carrier could potentially avoid preclusion by showing that its failure to file a prehearing conference statement was "due to good cause" and that it "exercised good faith and due diligence," the carrier never made an offer of proof with the requisite showing. Similarly, the carrier never provided a reason why the witness affidavits submitted on its application for review in support of its belated fraud claim could not have been submitted earlier or why the witnesses were not identified in a prehearing conference statement. Accordingly, we find no error in the Board's determination that the carrier, having waived its defenses, remained precluded from asserting its belated fraud claim (see Matter of Love v Village of Pleasantville, 161 AD3d at 1478; Matter of Bellantoni v City of N.Y. Sch. Food & Nutrition Servs., 127 AD3d 1350, 1350 [2015]; Matter of Butler v General Motors Corp., 87 AD3d 1260, 1261 [2011]).
As to the issues of accident and notice, collateral estoppel, "'a narrower species of res judicata, precludes a party from relitigating in a subsequent action or proceeding an issue clearly [*3]raised in a prior action or proceeding and decided against that party or those in privity'" (Lee v Jones, 230 AD2d 435, 437 [1997], lv denied 91 NY2d 802 [1997], quoting Ryan v New York Tel. Co., 62 NY2d 494, 500 [1984]). Here, the issues of accident and notice had been finally decided and, accordingly, the Board properly precluded relitigation of these issues (see Lee v Jones, 230 AD2d at 437). The carrier's remaining contentions have been reviewed and determined to lack merit.
Egan Jr., Devine, Aarons and Pritzker, JJ., concur. ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: This related claim was for chemical exposure, which resulted in eczema, dermatitis and folliculitis of claimant's hands.

Footnote 2: The Board also modified the WCLJ decision filed October 3, 2016 by rescinding it to the extent that it directed the development of the record on the first claim.