Matter of Covert v Niagara County (2019 NY Slip Op 03870)





Matter of Covert v Niagara County


2019 NY Slip Op 03870


Decided on May 16, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 16, 2019

527401

[*1]In the Matter of the Claim of JASON COVERT, Claimant,
v
NIAGARA COUNTY et al., Appellants. WORKERS' COMPENSATION BOARD, Respondent.

Calendar Date: March 22, 2019

Before: Garry, P.J., Mulvey, Aarons, Rumsey and Pritzker, JJ.


The Law Offices of Melissa A. Day, PLLC, Amherst (James B. Cousins of counsel), for appellants.
Letitia James, Attorney General, New York City (Steven Segall of counsel), for respondent.



MEMORANDUM AND ORDER
Rumsey, J.
Appeal from a decision of the Workers' Compensation Board, filed January 2, 2018, which ruled, among other things, that certain payments made to claimant constituted wages under the Workers' Compensation Law.
In 2011, claimant — a recipient of public assistance — filed a claim for workers' compensation benefits after he sustained an injury while assigned to work for Niagara County as part of a work experience program (hereinafter WEP). Following a hearing, a Workers' Compensation Law Judge (hereinafter WCLJ) established the claim for a work-related injury, found claimant's average weekly wage to be $124.62 and kept the claim open for further medical evidence regarding permanency and schedule loss of use. Although claimant did not return to work, he was not paid a benefit for lost wages because he was receiving his regular public assistance benefit.
In August 2013, claimant sought to reopen his claim for lost wage benefits because his public assistance benefit had been suspended due to a change in the composition and income of his household. In a February 2014 decision, the WCLJ held claimant's request for a lost time award in abeyance and directed the County to produce medical evidence of permanency and schedule loss of use. The County thereafter sought Workers' Compensation Board review, arguing, among other things, that the public assistance that claimant received during his work experience program assignment should not be treated as wages for the purpose of calculating a workers' compensation award. While Board review was pending, a WCLJ determined that there was insufficient medical evidence to support an award. In July 2015, the Board affirmed the February 2014 decision, finding, in part, that public assistance benefit payments made to [*2]claimant pursuant to the WEP constituted wages under the Workers' Compensation Law. This Court dismissed the appeal by the County and its third-party administrator from the July 2015 decision as interlocutory (146 AD3d 1065, 1066 [2014]).
In June 2017, following a hearing, the WCLJ found that claimant had sustained a 7.5% schedule loss of use that entitled him to 18.3 weeks of benefits, awarded claimant $1,830 and found that no reimbursement was due the County. In January 2018, the Board modified the June 2017 decision to the extent of concluding that the entire award was payable as a credit to the County. The County and its third-party administrator appeal.
The County and its third-party administrator contend that claimant is not entitled to an award of lost-wage benefits because the public assistance benefit that he received was not a "wage" as defined by Workers' Compensation Law § 2 (9). " Where, as here, the issue is one of pure statutory construction, no deference need be accorded to the Board's interpretation of the statutory framework" (Matter of Liberius v New York City Health & Hosps. Corp., 129 AD3d 1170, 1171 [2015] [citations omitted]). Further, under well-settled principles of statutory interpretation, the provisions of the applicable statutory scheme must be construed together and harmonized in a way that renders them compatible and achieves the legislative purpose (see Matter of Till v Apex Rehabilitation, 144 AD3d 1231,1232-1233 [2016], lv denied 29 NY3d 909 [2017]; Matter of Liberius v New York City Health & Hosps. Corp., 129 AD3d at 1171-1172). Thus, in this case, we may not consider the definition of wage in isolation but, rather, must determine its meaning within the context of the WEP in which claimant was participating when he sustained his injury.
Wages are defined as "the money rate at which the service rendered is recompensed under the contract of hiring in force at the time of the accident" (Workers' Compensation Law § 2 [9]). A recipient of public assistance may be required to participate in work activities, including work experience in the public sector (see Social Services Law §§ 331, 336 [1] [d])[FN1]. The amount of assistance that a participant in a WEP receives is not determined by the number of hours worked; rather, the number of hours that a recipient of public assistance is required to participate in a WEP is determined by dividing the amount of assistance received by the higher of the federal or state minimum wage (see Social Services Law § 336-c [2] [b]). Significantly, the benefits of a recipient who fails to participate in a required WEP without good cause are subject to reduction or forfeiture (see Social Services Law § 342). The fact that recipients of public assistance must participate in a WEP to receive benefits without reduction means that the public assistance paid to WEP participants directly serves as compensation for the work performed (see United States v City of New York, 359 F3d 83, 92 [2d Cir 2004], cert denied 543 US 1146 [2005]; see also Elwell v Weiss, 2007 WL 2994308, 2006 US Dist LEXIS 96934 [WD NY, Sept. 29, 2006, No. 03-CV-6121]). Accordingly, we conclude that public assistance benefits paid to WEP participants are wages as defined in the Workers' Compensation Law. We note that our conclusion is consistent with the Court of Appeals' observation that that the "rate and method of payment of WEP workers" is determined by the Social Services Law (see Matter of Carver v State of New York, 26 NY3d 272, 281 [2015]).
Our conclusion is also consistent with the statutory scheme governing WEPs. Notably, a recipient may be required to participate in a WEP only if he or she is "provided appropriate workers' compensation or equivalent protection for on-the-job injuries and tort claims protection on the same basis, but not necessarily at the same benefit level, as they are provided to other persons in the same or similar positions, while participating in work experience activities under this section" (Social Services Law § 336-c [2] [c]). When it is provided, workers' compensation coverage is intended to provide the exclusive remedy for unintentional employment-related injuries (see Workers' Compensation Law §§ 11, 29 [6]; Maas v Cornell Univ., 253 AD2d 1, 3 [1999], affd 94 NY2d 87 [1999]). The determination that public assistance benefits paid to WEP [*3]participants are wages for purposes of determining workers' compensation awards fulfills this intent by permitting effective awards to WEP participants who sustain injuries [FN2]. Such awards benefit WEP participants who sustain injuries that result in a disability affecting his or her ability to engage in employment after his or her public assistance benefits end, and a contrary determination would inequitably preclude compensation for such injuries or relegate the injured participant to a tort claim [FN3]. Providing effective awards for injured participants also benefits those who host WEP participants by ensuring that workers' compensation is their exclusive remedy for injuries sustained in the workplace.[FN4]
Garry, P.J., Mulvey, Aarons and Pritzker, JJ., concur.
ORDERED that the decision is affirmed, without costs.



Footnotes

Footnote 1: Recipients may be exempt from participation in a WEP for reasons not relevant herein (see Social Services Law § 332 [1]).

Footnote 2: The determinations that WEP participants are not "employees" pursuant to the prevailing wage provision of the NY Constitution (see Brukhman v Giuliani, 94 NY2d 387, 393 [2000]) or the Federal Fair Labor Standards Act (see Stone v McGowan, 308 F Supp 2d 79, 84-85 [ND NY 2004]) do not require a contrary result. In fact, these cases serve to further illustrate the principle that the meaning given to terms must be determined within the specific statutory scheme at issue to give effect to the legislative purpose.

Footnote 3: Workers' compensation coverage would otherwise provide no practical benefit to an injured WEP participant, whose medical expenses would, in any event, by paid by Medicaid.

Footnote 4: Permitting reimbursement to the employer precludes the possibility of a participant receiving a windfall.